Carroll *v.* Finley.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Roosevelt* and *Peabody*, Justices.]

---

## CARROLL *vs.* FINLEY.

Where an attachment is issued against the property of an individual as a nonresident debtor, which is served on other persons, on the ground of their having in their possession property of the defendant, and they furnish to the sheriff statements or certificates under their respective hands, denying that they have in their hands any property belonging to the defendant, the plaintiff has no right to call upon such persons to be examined, under sec. 236 of the code, until he impeaches the verity of the certificate.

Such rights are given only in case of a *refusal* to give the certificate.

But if the plaintiff establishes, to the satisfaction of the judge, by the former admissions of the party, that the persons sought to be examined have property of the defendant and that the certificate stating that they have none is untrue, such conduct may be regarded as a refusal to give the required certificate, and the individuals may be examined.

APPEAL from an order made at a special term, by Justice PEABODY.

*Cutting* and *Williams,* for the plaintiff.

*L. Sherwood,* for Wattles and Angel.

DAVIES, J. On the 20th of August, orders were obtained on behalf of the plaintiff for the examination of Wattles and Angel, on the allegation that they held property in their possession belonging to the defendant. It appeared before the judge below, that an attachment had been issued in this action, to the sheriff of the city and county of New York, against the property of the defendant, as a non-resident debtor, and which was served by the sheriff, on the 5th of August last, on said Wattles and Angel. At the time of such service they furnished to the sheriff statements or certificates under their respective hands, denying that they had in their hands any property belonging to the defendant. Justice PEABODY vacated the orders for the examination of said Wattles and Angel, on the ground that section 236 of the code only authorized the examination of a party who refuses to give the certificate therein required.

We think the court below right in the view taken of this section. The attachment, by § 235, is to be served on the president, or other head of any corporation or association, or the secretary, cashier or managing agent, in the stock of which said defendant has any right or share, with the interests and profits thereon, or on any debtor of such defendant, or any individual holding his property. By section 236, it is provided that on the application of the sheriff to such officer, debtor or individual, he shall give a certificate specifying the exact nature and extent of the property so held. If such officer, debtor or individual refuse to give such certificate, he may be examined concerning the same. In the present case, the persons sought to be examined did not refuse to give the certificate. On the contrary they did give a certificate, setting forth that they had not in their hands any property of the defendant. It is true that the certificate does not set forth the property of the defendant, and for the good reason that if true, it could not set forth the same.

Upon such a certificate, the plaintiff has no right to call on the party holding property of the defendant to be exam-

ined, until he impeaches the verity of the certificate. If he establish, to the satisfaction of the judge, by the former admissions of the party, that the party sought to be examined has property of the defendant, and that the certificate stating that he had not is untrue, then, we think, such conduct might be regarded as a refusal to give the certificate required by this section, and the party might be examined. In the present case no such facts were shown to the court, and we therefore think that the order made, discharging the order for the examination of these parties was proper, and should be affirmed with costs.

CLERKE, J. concurred.

MITCHELL, P. J. Two things are to concur, to subject the third party to an examination; he must be a debtor of the defendant or have property of his in his control, and he must refuse to give a certificate. Of the first there is no proof when the third party certifies that he has nothing of the defendant, and this is met only by information and belief that he has such property.

Order affirmed.

