## REYNOLDS *vs.* FISHER.[*]

Section 236 of the Code does not authorize the examination of a person who, on being applied to by the sheriff, does not *refuse* to give the certificate therein mentioned, but gives the only certificate that he can give, viz. that the defendant in the attachment suit has an interest, as a special partner, in his firm, the amount of which will depend on the liquidation of the affairs of the partnership.

That section allows an examination only when the party applied to by the sheriff refuses to give the certificate.

APPEAL from an order made at a special term denying a motion to vacate an ex parte order for the examination of George D. Bayard, under section 236 of the Code.

*By the Court,* INGRAHAM, J. The sheriff had an attachment against the defendant. He served a copy on George D. Bayard, and required him to serve on the sheriff a certificate of all property and effects, rights, and shares of stock, and debts and credits of said defendant, then in his possession or under his control, and particularly the interest of the defendant, as special partner or otherwise, in the firm of George D. Bayard, &c. A certificate was served on the sheriff, by Bayard, stating that he had not any property, of any description, of Fisher's, in his hands or under his control, excepting his interest in the limited partnership of George D. Bayard, the amount of which would depend on the liquidation of the affairs of the partnership. Upon receiving this certificate, the plaintiff obtained, ex parte, an order for the examination of Bayard under section 236 of the Code. Bayard thereupon made a motion to have such order vacated, which motion was denied, and an appeal was taken from the decision.

It appears to me, that the statute did not authorize the order for the examination of Bayard. He did not refuse to give the certificate, but gave the only certificate that he could give, viz : that the defendant had an interest as a special partner in his firm, the amount of which would depend on the liquidation of the firm. Neither the defendant, nor the sheriff,

Reynolds *v.* Fisher.

could touch the property of the firm, or any interest which the defendant had in it. All the property was under the sole control of the general partners, and applicable to the purposes of the firm, during its existence, and to the payment of the debts of the firm, in the first instance. The sheriff could not close up the firm, or in any manner interfere with it. Nor were the partners bound to disclose the state of the affairs, in such a certificate. They gave all the notice the law required of an interest in the firm, unsettled and unknown. The plaintiffs could not need information as to the amount of the interest, because they had a copy of the articles of partnership.

But, independent of the question whether the sheriff could in any manner interfere with the partnership, or its property, the certificate which was given was sufficient, and precluded any further examination. The 236th section of the Code, which authorizes an examination, only allows it when the party served with the attachment refuses to give the certificate. This has been construed as not only refusing to give the certificate, but as applicable where the party served says he has no property whatever ; and these are the only cases in which an examination has been held proper.

In *Carroll* v. *Finley*, (26 *Barb.* 61,) the general term of this district held that an examination could only be where the party sought to be examined refused to give a certificate, or where it appeared he had given a false one. A similar decision was made by the general term of this district, in *Howell* v. *Koppel*, November general term, 1861.

The order in this case was improvidently granted, and should be vacated.

[NEW YORK GENERAL TERM, November 5, 1866. *Geo. G. Barnard, Clerke* and *Ingraham*, Justices.]