## BAXTER *vs.* THE MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY.

Upon an order requiring a debtor of the defendant to appear and be examined because of his refusal to give the certificate specified in section 236 of the Code for the benefit of an attaching creditor, the debtor can state the character in which he holds the moneys, and the manner in which they were obtained, and the object of gathering them together. But this should be the limit of the examination.

Whether the funds are held under a trust, and whether the trust is valid or not, may be the subject of investigation in another mode.

When the certificate is given, unless it be false, the proceeding is at an end; but a refusal to give it, even when the party says he has no property of the debtor, warrants the order for examination.

The creditor is not bound to accept the statement, and may pursue the remedy, subject to its burdens, if any.

APPEAL by L. H. Meyer, from an order made at Special Term, directing him to appear and be examined as to property alleged to be held by him for the benefit of the defendant.

*John E. Burrill*, for the appellant.

*Coles Morris*, for the plaintiff.

*By the Court*, BRADY, J. It appears that the appellant refused to give the certificate contemplated by the Code, § 236, for the benefit of an attaching creditor. When the refusal occurs, the creditor is entitled to an order requiring him to appear and be examined. On the examination, the appellant can state the character in which he holds the moneys he has in his hands, and the manner in which they were obtained, and the object of gathering them together. This would be the limit of the examination. Whether the funds were held under a trust, and whether the trust was valid or not, might be the subject of investigation in another mode. The appellant must put himself upon the record correctly, and if he have no money of the defendants

the fact will appear; if he have, it must be protected for the plaintiff's benefit, by whose diligence it has been subjected to authority. It was held that property incapable of manual delivery to the sheriff was not only that which from its nature was incapable of such delivery, but that which has become so from its peculiar position, as where it is under pledge or consignment with advances upon it. (*Clarke* v. *Goodridge*, 41 *N. Y. Rep.*, 210.) Section 236 of the Code applies to all such property. The special character of the property held by the appellant may preserve it from the plaintiff's process, but that is, as already suggested, a matter for a different kind of consideration.

In this proceeding, when the certificate is given, unless false, it is at an end, (*Reynolds* v. *Fisher*, 48 *Barb.*, 146;) but the refusal, even when the party says he has no property of the debtor, warrants the order for examination. (*Ibid.*)

The creditor is not bound to accept the statement, and may pursue the remedy, subject to its burdens, if any. The order appealed from must be affirmed, with $10 costs and disbursments.(*a*)

Order affirmed.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.,* reported briefly, 4 *Hun*, 630.