By the Court. Oakley, Ch. J.
We are all of opinion that there must be judgment for the plaintiff. The legal title of the goods at the time of their arrival was vested in him, not merely by the terms of the bill of lading, but by virtue of his antecedent advances (Anderson v. Clarke, 2 Bing. 20 ; Patten v. Thompson, 5 M. &S. 356 ; Bryan v. Nix, 4 Mees. & Wels. 792; Abbot on Ship., 5, Amer. Ed. pp. 332-4.) He had then an absolute right to sell them, and to perfect the sale by a delivery to the purchaser; and this not only for the purpose of reimbursing his advances, but with a view to his commissions upon the sale, since, according to the known custom of merchants, it was doubtless to secure these commissions that his advances were made. The seizure of the goods by the defendant was, therefore, a plain violation of his legal rights. It not merely prevented their exercise, and deprived him of the benefits he meant to secure, but if continued, might have resulted in an actual loss of the moneys he had advanced. A decision more at variance with the understanding, and more hostile to the interests of merchants, could not well be made, than to hold that the prior rights of a consignee, having a title and a lien, are *13 liable to be thus sacrificed at the instance of a general creditor of the consignor.
It is undoubtedly true that Grordy as owner, and virtually the consignor, had an interest in the property consigned, which was liable to be attached, but it was not an interest which gave to him, or could give to his creditors, any right to divest, or interfere with, the possession of the plaintiff—unless upon the terms of refunding his advances with interest, and paying his commissions and charges. Until a compliance with these terms, the interest of Grordy was nothing more than a right to demand and receive from the plaintiff the surplus proceeds of a sale,—and it was this interest, and this alone, that was liable to be attached. It is evident, however, that this contingent interest or right was not’ a property which in judgment of law was capable of a “ manual deliveryand hence the Sheriff, instead of taking possession of the goods, should have proceeded in the mode prescribed in § 235 of the Code. He should have done nothing more than to leave with the plaintiff a certified copy of the warrant of attachment, together with a notice of the interest levied on, and by so doing he would have given to the.creditor, at whose suit the attachment was issued, all the protection and security to which he was entitled. By proceeding as he has done, he has rendered himself liable as a trespasser, and lost wholly the protection of the .process under which he professed to act.
Even had the plaintiff in this case been only an ordinary pledgee, having no title to the goods, and no power of immediate sale, but merely the right of retaining the possession for his ultimate security, we must still have held that the conduct of the defendant in depriving him of this possession was unlawful, and not justified by the process under which he acted.
Every pledgee has at common law an absolute right to retain the possession of the property pledged, not only against the pledgor, but against every person not showing a paramount title, until the conditions of the pledge have been fulfilled; and to warrant an interference with his possession, in any other ' case, an express statutory provision changing the rule of the common law is necessary to be shown ; but no such provision certainly is to be found, making goods in the lawful pos *14 session of a pledgee, liable to seizure under an attachment' against the property of the consignor, whether the attachment be issued under the Revised Statutes, or under the Code. It is true the Revised Statutes have so far changed the rule of the common law, as to make the right and interest of a ’ pledger liable to be sold under an execution against him, even while the goods are still in the possession of the pledgee, but the statute, by its express words, is confined to a sale under an execution ; and this a sale, not of the goods themselves, but merely of the interest of the.pledger—that is, his right to redeem them upon payment of the debt for which they are pledged. The reasons upon-which the statute is founded, are not applicable, in our opinion, to a seizure of goods under an attachment; and the principle is well settled, that a -statute, in derogation of the common law, is, in all cases, to be strictly construed, and is never to be extended, by a doubtful analogy, to .cases that .its terms have failed to embrace.
It may not be amiss to remark that it is still, in our opinion, an open and doubtful question, whether the statute, in authorizing a sale under an execution of the interest of the pledger, has authorized the Sheriff to remove the property from the possession of the pledgee. Such was indeed the decision of the Supreme Court in Stief v. Hart, but although the judgment in this case was affirmed in the Court of Appeals, it was so, not by a majority of its members, but solely as a consequence of an equal division in their opinions. We do not think that this question—rejecting as we do the supposition, that the provisions of the statute are just as applicable to an attachment as to an execution—is necessary or proper to be decided by us in the present case, nor, are we to be understood as meaning to express any opinion in relation to it. We mean only to intimate that we’should not hold ourselves precluded from examining and determining the question in conformity to our own views of the proper construction of the statute, if hereafter it shall properly arise in a case before us.
It is admitted that the goods now in question have been sold -by the plaintiff since the possession was restored to him in the present suit, and that he has now in his hands a balance of $850 belonging to Gordy, the debtor in the attachment; but *15 whether the defendant, by virtue of the attachment, is entitled to demand from the plaintiff the payment of this balance, is not a question that we have now a right to determine. Ho such question is raised by the pleadings, and it is very doubtful whether it could have been raised, in any form of pleading, in an action like the present. The only question that we can now determine is, whether the seizure of the goods by the defendant under the attachment was a wrongful act, and the plaintiff therefore entitled to recover their possession, when he commenced this action. We are clearly of opinion that he was so entitled, and- consequently, that judgment must now be entered in his favor.
Judgment accordingly with costs.