By the Court. Duer, J.
We think that the plaintiff upon several grounds (all of which, however, it will not be necessary to state) is entitled to judgment upon the verdict.
We can see no reason for doubting that the defendant is concluded, by his certificate and return in the action against Turner & Sohmulling, from denying any of the facts, which the certificate asserts, expressly, or by a necessary implication. He is, therefore, concluded from denying that, under the proceedings in that action, he took the goods from the possession of the defendants Turner & Schinulling, and delivered them into the possession of the plaintiff, and, consequently, from denying that they were in the actual possession of the plaintiff when they were again seized, by his deputy Crombie, upon the ground that they were bound by a prior levy under the attachments. Nor is this all. The defendant, by his voluntary delivery of the goods to the plaintiff, *248 practically admitted that he had no right to hold them under the attachments, and, so far as the plaintiff is concerned, he released them, by this act, from any lien, that a prior levy might have created. If such a levy had, in fact, been made, it was his plain duty to have stated, in his return, that the goods were not in the possession of the defendants, Turner & Schmulling, but were in his own custody, by virtue of the attachments. The return that he made is, therefore, conclusive proof that, in his own judgment, the goods were not in his custody, and that he could not lawfully withhold them from the possession of the plaintiff; and, if so, he had, assuredly, no immediate right to disturb the possession that he had delivered. It may be, that when he delivered the possession to the plaintiff, he was ignorant of the fact that the attachments were then in the hands of a deputy, and, consequently, was ignorant of the proceedings of the deputy under them; but it is familiar law, that the knowledge and acts of a deputy, in the discharge of his official duties, are the knowledge and acts of the sheriff, so that, whether the sheriff acts, personally, or by a deputy, his liability to third persons, whose rights and interests are injuriously affected by the acts, is precisely the same.
There is a manifest error in the assertion that the acts and admissions of the defendant had no tendency to influence the conduct, and worked no prejudice to the interests, of the plaintiff, and, therefore, could not operate to create an estoppel, excluding a defence that would otherwise have been available.
The return made by the defendant, in the suit against Turner & Schmulling, was evidence, upon the record, that the goods, for the recovery of which the action was brought, had been delivered to the plaintiff, and this evidence necessarily prevented him from obtaining a judgment for the value of the goods, to which, as against those defendants, he would otherwise have been entitled. The defendant, by his return, prevented the plaintiff from obtaining this judgment, and then, by taking from him the goods that he had delivered, rendered the judgment, that was obtained, wholly valueless. It would, therefore, seem that no remedy was left to the plaintiff, unless by an action against the defendant, and it is impossible to say that he would not be prejudiced by permitting the defendant to set up as a defence the falsity of his own return, *249 or, which is substantially the same defence, that the return is not that which his duty as sheriff required him to make.
Nor, as we apprehend, would the case be altered, were we to hold that the judgment-roll, including the defendant’s return, was improperly received in evidence, since all the facts, that the return certifies, were distinctly and fully proved by the deputy, Selah. He proved that the goods were taken by him from the possession of Turner & Schmulling; that he removed them to the store of Nash, the auctioneer; that he gave to the plaintiff an order for their delivery, which Nash accepted; and that the plaintiff paid his fees and the charges of Nash. From this time, therefore, it cannot be doubted that the goods, although not removed from the store, were, in judgment of law, in the plaintiff’s possession, and were held by the auctioneer merely as his bailee, and these are the facts that, in our opinion, and without calling in aid the return, may be justly held to exclude a defence under the attachments.
It is not, however, solely upon the ground of an estoppel that we intend to place our decision, and I shall therefore pass over that objection entirely, in the observations that are to follow.
As it is certain, that the goods were taken by the deputy Crombie, from the possession of the plaintiff, if that taking was wrongful, as the complaint avers, the plaintiff must be entitled to recover. And the taking was undoubtedly wrongful, if the plaintiff was then the owner of the goods, and no valid levy had been made, under the attachments, before his title was acquired.
It is not necessary to decide whether, when the testimony was closed on the part of the plaintiff, there was sufficient proof that he was the owner of the goods, or whether the motion then made for the dismissal of the complaint ought not to have been granted. We strongly incline to the opinion that the proof was sufficient, as the case then stood; but were this otherwise, the defect was fully supplied by the testimony of a witness called by the defendant, the uncontradicted testimony of Herx. He proved that the goods were his individual property, purchased with his own funds, and that before the commencement of the action against Turner & Schmulling, he sold them to the plaintiff and received their price. The only question, therefore, is, whether, when this sale was made, the goods were bound by the attachments then in the hands of the sheriff, so as to defeat the title of a purchaser having *250 no notice that the attachment had been issued, for that the plaintiff is chargeable with notice has not been pretended.
The goods, it is certain, were not then bound by the attachments, unless the service, that the Code requires, had been duly made, nor unless the goods were the property of the persons named in the attachments, or of some one of them.
It is not denied, that the goods of a debtor are no more bound by an attachment under the Code, before its actual service, so as to defeat the title of a purchaser in good faith, than, as against such a purchaser, they are bound by an execution, before an actual levy. It is not pretended, that an absolute lien is created by the mere issuing of the process.
It is, also, certain, that if the attachments had not been served before the plaintiff acquired his title, the goods could not be attached, although the attachments remained in the sheriff’s hands, after the plaintiff became the owner, for the plain reason, that, whatever might have been the fact when the attachments were issued, the goods were not, at that time, the property of the persons named in the attachments, or of any one of them.
The alleged service, which is relied on as a valid levy, was made in August, 1853, and as the goods were then in the customhouse, and the duties unpaid, the counsel for the defendant was right in saying, that the sheriff could not require a manual delivery of the goods, but, according to the decision of this court in Brownell v. Carnley, (3 Duer, 9,) could only execute the attachments in the mode prescribed by § 235 of the Code.
By the provisions of that section, when the property to be attached is incapable of a manual delivery, the attachment may be executed by leaving a certified copy of the warrant with the individual holding the property, together with a notice “ showing the property levied on.”
"In this case, a certified copy of each warrant, together with a notice, was served upon the collector, and upon Turner & Schmulling, who, it is alleged, were the consignees of the goods, but the notice, as we infer from the evidence, and understand to have been admitted upon the argument, was general in its terms, and contained no specification whatever of the property meant to be levied on. It appears to us, that for this reason it was insufficient and void.
*251 We think the words of the Code, describing the notice as “showing the property levied on,” are significant and material, and can only be satisfied by a notice, particularly describing the property, so as to enable the holder to identify it, and when released from his own lien or claims, deliver it, or its proceeds, to the attaching officer. It is this construction that, in our opinion, the words, and the policy of the law, alike require. A notice referring in general terms to the property, as belonging to the person or persons named in the warrant of attachment, would be plainly useless, since it would convey no other or further information than is contained in the warrant itself, and, of course, in the copy required to be served. The requisition of a notice thus general would be superfluous and unmeaning. Section 232 of the Code makes it the duty of the sheriff, to whom a warrant of attachment is directed, to make and return an inventory of the property, and, we apprehend, that such is his duty, in all cases, whether the warrant be executed by the manual delivery of the property, or by the service of a copy and notice. Hence, if, in all cases, an inventory must be made, it must, in all cases, be in the power of the sheriff to render the notice specific, since it will be rendered so by making it correspond with the inventory. If he has sufficient information to enable him to make an inventory, he has sufficient to enable him to give the notice, that, we think, the Code requires; and if he has not the information, it seems to us, that it is his duty to obtain it before he attempts to. execute the warrant. In the present case, no inventory, it is proved, was made, and we refer to the fact as evidence that the notice was general. A proper specification in the notice would have been, in effect, an inventory.
Upon full consideration, we are convinced, that the service of a notice such as the Code requires, that is, a notice “ showing the property levied on,” in 'the sense that we attribute to these words, is essential to the due execution of a warrant of attachment, where the property to be attached is “incapable of a manual delivery.” It follows that, as, in the present case the requisite notice was not given, the goods in question—even on the supposition that they belonged to the persons named in the warrants when the attachments were granted—were not levied on, under the warrants, at *252 any time, before the plaintiff acquired his title, and were, therefore, wrongfully taken from his possession.
Finally, could we assent to that construction of the Code, for which the counsel for the defendant has contended—and which, we regret to learn, is that upon which the plaintiff and his deputies have usually acted—or, had it been clearly proved that the notice given was precisely that we deem to have been necessary, it would still be our duty to hold, that the justification set up has wholly failed, and that the plaintiff is entitled to recover.
The defendant had no authority under the attachments to seize, or levy on, the goods in question, as the supposition that they belonged to the persons named in the warrants, or to any one of them, so far from being established, is disproved, by the evidence.
Each warrant was granted to enforce the payment of a debt alleged to be due from the firm of Pfeiffer, Von Kamp & Co. The persons named as composing the firm are, Pfeiffer, Von Kamp, and C. F. Herx—and the defendant was directed to attach their joint and separate property—but the goods in question were not the property of the firm, nor of any one of the persons named as partners. They belonged exclusively to the witness Franz T. Herx, by whom they were sold to the plaintiff. Hence, the levy upon the goods, while in the custom-house, however regular it may have been in its form, was unauthorized and void, and the taking of the goods from the possession of the plaintiff, a wrong and a trespass.
The only reply that has been given to these views consists in an assumption—upon which the argument for the plaintiff was wholly rested, that Franz T. Herx and C. F. Herx were in reality the same person, and the mistake in the name, a trivial error, that might be justly disregarded. But we regard this assumption as purely gratuitous; no proof was given or offered of the alleged identity, and we have no right to say that it existed.
Had it been proved, that Franz T. Herx was a partner in the firm of Pfeiffer, Von Kamp & Co., and was the only person of the name of Herx in the firm, the misnomer would have been apparent, and might have been treated as immaterial, since it was certainly the property of the partner Herx, that was meant to be attached. But the proof is, that Franz T. Herx was not, and never had been, a member of the firm, while there was not a par- *253 tide of evidence to show, that a real person of the name of 0. T. Herx was not a partner, and the partner whose name was concealed under the general words, “ and Go.and in the absence of contrary proof, we think, that we must intend that such was the fact, for it is this fact, that the warrants of attachments and the affidavits upon which they were founded, distinctly affirm. fj
It may well be, that the plaintiffs in the attachments, supposed that the Herx to whom the goods belonged, was .the partner Herx, in the firm that was indebted to them; but this was a mistake of the person, and . not of the name, and, assuredly, gave no right to them, or to the sheriff acting under their orders, to seize the goods of the innocent owner, to secure the payment of a debt that he never contracted, and for the payment of which, upon the very face of the process, other persons were wholly liable.
No one can doubt, that the sheriff, in proceeding under an attachment, acts just as certainly at his own peril, in applying the process to the property described, as in proceeding under a final execution. When he seizes and removes the property of A, under an execution against B, he is hable as a trespasser. He is just as hable, when he commits the same mistake and wrong in acting under an attachment, and it is this mistake and wrong that the defendant appears to have committed, through his deputies, in the case before us.
Upon all the grounds that have been stated, the jury was properly directed to find a verdict for the plaintiff, and he is, therefore, entitled to the judgment that he now claims.
Judgment for the plaintiff accordingly, with costs.