By the Court—Bosworth, Ch. J.
1st. Sturgis, Shaw & Co. have a right to apply the consigned goods to pay their acceptances, unless they have lost that right by reason of the certificate they gave to the Sheriff, when the latter levied the attachments. (Russ, on Factors, 211; 5 B. & Ald., 27; Parsons’ Merc. Law, 161.)
2d. If they have not thus divested themselves of that *614 right, the plaintiffs had no right to take and remove the consigned goods, without paying the amount of Sturgis, Shaw & Co.’s lien thereon. (Brownell v. Carnley, 3 Duer, 9.)
3d. The equitable right of Scheldt & Oo., and others similarly situated, to have the proceeds of the eonsigned goods applied to pay the acceptances they hold, (if they ever had such a right,) became perfect before Sturgis, Shaw & Oq. gave to the Sheriff the certificate which it is claimed put an end to their lien. It is not easy to see how the giving of that certificate can affect rights which had previously accrued to third persons, who had no agency or participation in that act.
4th. The plaintiffs are not entitled, in this action, without other parties are brought before the Oourt, to a receivership in hostility to, or that can interfere with that already existing. The Receiver who has been appointed and has possession of the property, and the parties he represents, are not, nor is either of them a party to this action,
The Receiver or those parties should he made parties to this action, and be beard upon the question, before a Receiver can properly be appointed in aid of a suit which seeks to appropriate and apply the property, to the exclusion of the rights claimed by the parties represented by the Receiver of the property already appointed,
The order must be affirmed,' with $10 costs to abide the event.