## COURT OF APPEALS.

WILLIAM M. CLARKE agt. FRANCIS GOODRIDGE, survivor, &c.

JAMES DRAKE et al. agt. THE SAME, defendant,
Three actions.

A sheriff having returned a warrant of attachment as "merged in execution," and also having returned the execution, *nulla bona*, is concluded by such returns, and has no further rights or powers by virtue of having had the attachment. His powers terminated with the return of the process. An alias execution subsequently issued, could not revive them.

The sheriff served a copy of an attachment on the Bank of the Republic, with a notice showing that he levied on "the bank account of the defendant, Goodridge, and any debt due or owing from the bank to him." At the time of this levy nothing was owing to Goodridge from the bank, and nothing remained to his credit in the bank account; but certain stocks of Goodridge were in pledge to the bank for loans, which stocks at the time were worth no more than the bank had loaned upon them. Subsequently an advance in stocks enabled the bank to sell them, so as to realize a balance which was passed to the credit of Goodridge in the bank account. After such sale no further levy was made by the sheriff, but instead thereof he had returned the process. *Held*, that the debt had not been attached, as it was not in existence at the time of the levy; and as no levy was made after, it was a subsisting debt.

The notice served by the sheriff, was a sufficient compliance with § 235 of the code. Per DANIELS and JAMES, JJ.

The sufficiency of the notice was not in question in the case Per GROVER and LOTT, JJ.

The notice was insufficient. HUNT, Ch. J.

A receiver in supplementary proceedings in Clarke's action, having become vested with all the personal estate of the judgment debtor, including debts owing to him (*Code*, § 298), at a time when no process was in the sheriff's hands, it was *held*, that the receiver was entitled to the property.

*September Term*, 1869.

THE cases of *Clarke* agt. *Goodridge* (41 *N. Y.*, 210), and of *Drake et al.* agt. *Goodridge* (54 *Barb.*, 78) are so imperfectly and incorrectly reported, that much misunderstanding has been caused and great difficulty experienced in determining what was actually decided in those cases.

The reporter in 54 *Barb.*, 78, states that they were "motions to vacate attachments," which is entirely incorrect.

An examination of the papers used in the court of appeals shows that two motions, involving substantially the same question, were argued together.

The first was a motion made by Drake & Co., under § 294 of the code, to require the Bank of the Republic to pay over to the sheriff a debt owing from them to Goodridge, the sheriff holding a second or alias execution, issued to him by Drake & Co., after he had returned their prior execution and also certain attachments previously held by him, issued by Drake & Co.

The second was a motion made by Clarke and by John D. Taylor, a receiver, appointed in Clarke's action in supplementary proceedings against Goodridge, had, in said action, to require the sheriff to pay over to said receiver certain money held by him, collected on said alias execution from Verhuven & Co., another debtor of Goodridge; the said receiver having become vested with all personal property of Goodridge after the return of the attachment and of the first execution of the sheriff, and before the issuing of said second execution.

Clarke and Taylor, as receiver, opposed the first motion, and Drake & Co. opposed the second. The bank appeared, and offered to pay the money to either party entitled to it. Goodridge made no appearance. The only question, therefore, on either motion was, whether the receiver had become vested with the title to said two sums of money, as against Drake & Co. or the sheriff, holding their alias execution.

INGRAHAM, J., at special term, adjudged both sums to the receiver.

Drake & Co. appealed, and the general term, by CLERKE and BARNARD, JJ., overruled that decision, and discussed the sufficiency of the sheriff's proceedings under the attachment as constituting a levy; apparently overlooking entirely that that question was not before the court, on account of the

sheriff's return of the attachments and of the execution into which they had been merged, before the receiver was appointed.

Clarke and Taylor then appealed to the court of appeals, where said general term decision was reversed, and the special term affirmed.

As the judges there differed somewhat as to the grounds on which they based their judgment, and as some of them also discussed the sufficiency of the levy, it is thought best to publish all of the opinions rendered, as the question of practice is an important one.

HAMILTON W. ROBINSON, *for appellants.*

CLARENCE A. SEWARD and JOHN H. REYNOLDS, *for respondents.*

GROVER, *J.*—It appears from the motion papers read at special term, that John D. Taylor, one of the appellants, was duly appointed receiver of the property of Francis Goodridge, in proceedings supplemental to execution in the case of *Clarke* agt. *Goodridge, survivor,* and that the order appointing him was duly filed and recorded, February 14th, 1868. This vested in the receiver the right to all the personal effects of the judgment debtor, including debts owing to him at that time (*Code, sec.* 298). This gave the receiver the right to the money collected by the sheriff of Henry F. Verhoven & Co. upon a debt owing by them to the judgment debtor, which collection was made, March 23d, 1868, unless the sheriff had acquired some lien upon the debt prior to the appointment of Taylor as receiver. At the time of such appointment it does not appear that the sheriff had in his hands any process against the judgment debtor. He received the money upon an execution against the judgment debtor, placed in his hands, March 23d, 1868. This it cannot be claimed, gave him any right to the money against the receiver. But it appears that the action in which the execu-

tion issued, was commenced November 16th, 1867, and a warrant of attachment therein then obtained, and placed in the hands of the sheriff. Judgment was recovered therein, January 1st, 1868, and an execution issued to the sheriff, which was returned on the fifteenth of the same month, no property. The attachment was at the same time returned indorsed, "The within attachment has been merged in judgment, and execution issued thereon." Which return was signed by the sheriff. It does not appear that the sheriff at any time made any attempt in any way to serve the attachment, while it was in his hands, upon the debt against Verhoven & Co. The attachment is given by statute, and has the effect only given to it by statute. The code, sec. 232, makes it the duty of the sheriff, to whom the warrant of attachment is issued, to proceed thereon in all respects, in the manner required of him by law in case of attachments against absent debtors, to make and return an inventory, and to keep the property seized by him, &c., to answer any judgment which may be obtained in the action. Section 235 provides how it shall be served upon property incapable of manual delivery, including debts due to the defendant therein. None of these or other sections declare it any lien upon property, upon which it has not been executed. It is not a lien upon any such property (*The American Exchange Bank* agt. *The Morris Canal and Banking Company*, 6 *Hill*, 362). The attachment was, therefore, never a lien upon the debt in question. The sheriff had no lien, therefore, at the time of the appointment of the receiver, and none as against him. The special term were right in granting the order requiring the sheriff to pay the money, received upon the debt, to the receiver, and the general term erred in reversing it. Upon what ground the latter court relied for the reversal, it is difficult to perceive, as the opinion only discusses the sufficiency of the notice of the warrant of attachment, served by the sheriff upon the National Bank of the Republic, which has nothing to do with this case. It would appear that an opinion de-

livered in some other case was printed with the papers in this case.

The order of the general term should be reversed, and that of the special term affirmed.

LOTT, J.—The receiver was clearly entitled to the money in question under his appointment, made by the order of February 14th, 1868, in the first above entitled action, and perfected by the filing of the requisite bond on the next day, unless, as claimed by the respondents, it was subject to the attachment issued in one of the actions last above entitled on 16th day of November, 1867, and in which a second or alias execution was issued on the 23d day of March, 1868.

There is in my opinion no foundation for such claim.

1st. It is not shown that the money was due, or that any liability for its payment existed, when the attachment was levied.

2d. It does not appear that the debt, if subsisting, was ever levied upon.

3d. The return by the sheriff of the said attachment on the 15th day of January, 1868, with the indorsement thereon, that it was merged in the judgment and execution issued thereon, January 1st, 1868, and the return of said execution by him on the same day with the following endorsement, viz., "No personal or real property," show that it was not held under said attachment.

4th. The return by the said sheriff, on the said 15th day of January, 1868, of an attachment levied in another of the said three actions on the 31st day of, October, 1868, with a like indorsement thereon as the other, and a further return by him on the same day that an execution issued in that action on the 1st day of January 1868, with the following indorsement, viz. : "Made on the within execution six thousand two hundred and twenty-one dollars and ninety-nine cents. I certify that there is no personal or real property in my county belonging to the within named defendant. out of which

I could make the residue;" and a return on an attachment and execution issued in the other of said three actions on the same day as in the first of them above referred to, with a like return in all particulars as in that action made at the same time, are conclusive proof that the said debt was not subject to the attachment and execution first above mentioned, and under which the money is claimed by the sheriff.

The statement in his returns show that all the property levied on, had been converted into money, and was included in the sum of six thousand two hundred and twenty-one dollars and ninety-nine cents, made on one of those executions, and that on the 15th day of January, 1868, when the return of all the said executions was made, the defendant had no personal or real property, out of which any more money could be collected.

After such statement officially made, it appears to be preposterous to claim, that the debt in question had then been levied on, or was in any way subject to either of said attachments, and after the return thereof the sheriff's power under them terminated.

It follows from these considerations that Justice INGRAHAM in making his decisions at special term, correctly said, "The attachment was not a lien on the fund, and the money should go to the receiver."

The order then made should be affirmed, and that of the general term reversing it, should be reversed with costs.

HUNT, *Ch. J.*—Drake & Co. having commenced an action against Goodridge & Co., issued an attachment to the sheriff of the city and county of New York against the property of that firm. The sheriff served this attachment upon the National Bank of the Republic, by delivering them a copy of the attachment, accompanied by a notice that all property, effects, rights, debts, credits of the said Goodridge in their possession or under their control, would be liable to said attachment, and particularly that he attached the bank account

and debts due from the bank to Goodridge. At this time, Goodridge had borrowed of the bank a certain sum of money, and had left with it certain certificates of stock as security for the indebtedness, which remained with the bank, the transaction being unclosed. It is not expressly stated, but I infer from the papers, that at this time there was no more value in the stocks pledged, than would pay the bank debt. Subsequently the stocks appreciated in value, were sold by the bank, and a balance of $4800 remained to the credit of Goodridge. If the proceeding above taken constituted a levy upon Goodridge's interest in the securities, then the order appealed from must be affirmed. If not, then the money belongs to the receiver appointed in the suit of Clarke, and the order must be reversed. A failure to refer in the notice to the bank to the specific securities or to the transaction with the bank in such manner as to identify what it was intended to levy upon, is the precise ground of the objection to the attachment.

The transaction between Goodridge and the bank was a simple pledge of certain certificates of stock held by the former. Although there may have been default in Goodridge in paying his debt, the general property in the shares remained in him. His interest could only be directed by judicial proceedings on the part of the bank, or by a sale upon notice to him of the time and place of sale (*Story, Bail.*, 287, 2 *Kent's Com.*, 557, 581). Neither of these proceedings were taken, until long after the levy in question.

The statute contemplates a levy by the sheriff upon too kinds of property. 1st. Tangible property, as lands, goods, and chattels. 2d. Property incapable of manual delivery, such as rights or shares in the stock of an incorporation, or other property incapable of manual delivery to the sheriff (*Code*, § 232 to 235). The first class is to be levied upon by the sheriff, and taken into his possession in like manner or under an execution.

In executing the attachment upon the other kind of property, the sheriff is directed to leave a certified copy of the

warrant of attachment with the head or agent of the corpo-
ration, or with the individual holding such property, with a
notice showing the property levied on § 235. In *Greenleaf*
agt. *Mumford* (19 *Abb.* 469,) it was held that a general notice,
that the sheriff levied on the property rightsof action, etc., in
the hands of the party, was a compliance with the provision
of this section. This construction does away with the whole
effect of the last clause of § 235, which requires that a no-
tice should be given, showing the property levied on. Those
words were intended to perform an office, and by them the
levy is confined to the items specified in the notice; as in
the present case, where the bank account and debts due
from the bank to Goodridge, are specified. Such was the
holding of the superior court of the city of New York in
*Wilson* agt. *Duncan* (11 *Abb.*, 3), and in *Kuhlman* agt. *Orser*
(5 *Duer*, 242). In my opinion these decisions are right. I
agree, also, with the superior court in holding that the ex-
pression, "property incapable of manual delivery to the
sheriff," is applicable to property, not only, which, in its
nature is thus incapable of manual delivery, but also that
which has become so from its peculiar position, as where it
is under pledge, or consignment, with advances made upon
the property.

The property here was subject to both these disabilities.
It could not be levied upon bodily, because it consisted of
choses in action, and for the further reason that the pledgee
was entitled to its possession. The property should have
been specified in the notice of the sheriff, and the interest of
the debtor therein referred to with reasonable certainty.

Upon the merits the order should be reversed with costs.

Is the order appealable to this court? If so, it is under
sub. 3 of § 11 of the Code, which gives an appeal "in a
final order affecting a substantial right, made in a special
proceeding, or upon a summary application in an action after
judgment." This is a proceeding in the action. (*Pitts* agt.
*Davison*, 37 *N. Y.*, 235, *Batterman* agt. *Finn*, 34 *How.*, 108.)

It also affects a substantial right, to wit, the loss or gain of $4,800. (*The People* agt. *New York Central R. R. Co.*, 29 *N. Y.*, 418, *opinion of* JOHNSON, J. See also *Tracy* agt. *First National Bank*, 37 *N. Y.*, 523.)

The order must also be final to render it appealable. In one sense every order is final, until appealed from and reversed. It cannot be contradicted or impeached, but must be performed. In the sense of the Code an order is deemed final, which closes the subject matter to which it relates, or it is not final, when it is a preparation to other actions. Thus an order granting a new trial or refusing to strike out a pleading is not a final action overruling a demurer. In each case, the order is a preparation or preliminary to a further action, to wit: the proceeding to trial, or the putting in a further pleading. (*Duane* agt. *Northern R. R.*, 3 *Coms.* 545; *Paddock* agt. *Springfield Ins. Co.*, 2 *Kern.* 591; *Evans* agt. *Millard*, 16 *N. Y.*, 242.)

An order vacating a judgment by confession, under the code, is final and is appealable. (*Belknap* agt. *Waters*, 11 *N. Y.*, 477.) Such an order ends the action and all proceedings in it. *Kirby* agt. *Fitzpatrick* (18 *N. Y.*, 484), was a case, closely resembling the one before us, as a principle in which, the order was held to be final and appealable. In that case a stakeholder being sued by two parties having conflicting claims, was discharged from the litigation under § 122 of the code, without formal substitution of another defendant, and a reference was ordered to ascertain and report the facts, and on the coming in of the report, the court awarded the fund and the general term affirmed the award. This was held to be a final order from which an appeal could lie to this court.

I think this order is appealable, and that the same must be reversed.

DANIELS J.—The plaintiffs in this action and William M. Clarke, plaintiff in another action against the same defendants,

severally claim a fund amounting to about four thousand eight hundred dollars, now held by the Bank of the Republic. There can be no doubt but that the plaintiff in the action secondly mentioned, is entitled to this fund, through the receiver appointed in supplementary proceedings taken after the return of the execution unsatisfied, which was issued upon his judgment, unless a valid seisure of it were made under an attachment issued at the time of the commencement of the other action (*Porter* agt. *Williams*, 5 *Seld*, 142). At that time nothing appeared to be due from the bank to the defendant in the attachment.     But afterward, on account of the advance in the market value of certain collateral securities held by the bank for the payment of its debt against him, the state of the account was so far changed as to render the bank a debtor instead of a creditor, as it previously appeared to have been.     These collaterals were sold and converted into money after they had appreciated in value, and after satisfying the debt due to the bank for which they had been held as security, the sum in controversy remained as a credit to the defendant.

For the purpose of attaching property incapable of a manual delivery, as this very clearly was, the law required that a certified copy of the attachment, with a notice showing the property levied upon, should be left by the sheriff, with the president or other head of the association or corporation, or the secretary, cashier or managing agent thereof, or with the debtor, or individual holding such property, (*Code*, § 235.) This was shown to have been done in the present instance, if the notice was sufficiently specific and definite to constitute a compliance with the language of the statute.

The notice which was served on the bank, accompanied as it should, a copy of the attachment, and that showed that it had been issued against the defendant named in it as the surviving member of his firm.     When the notice stated that the debts and credits of the defendant, in the possession of

the bank, or under its control, or which might afterwards come into its possession, or under its control, would be liable to the attachment, and were required to be delivered into the custody of the officer, the bank for the purpose of properly understanding it, was required to read it with the copy of the attachment served, and when thus read, it sufficiently showed that the property intended to be affected by the service, was that of the defendant as a surviving partner. After this gereral statement, the notice proceeded to mention the property attached and that was the bank account, and debt due from the bank to the firm.

This was sufficient to show a seizure of the bank account, whatever it might prove afterwards to be, and to require the payment of any sum due upon it over to the officer serving the attachment. The collateral securities were held by the bank as an incident of, and as a means of adjusting that account, and afterwards paying the balance realized from them over to the debtor. The nature of the transaction was such that the proceeds of those securities after the sale of them would obviously and necessarily become a portion of that account as a credit to the debtor. And after extinguishing his liability, the balance would constitute a credit in his favor on the account against the bank. The attachment of the account was an attachment of whatever was found due to the debtor on its final liquidation and adjustment under the circumstances then existing, and which ultimately would, determine the amount of the balance due to the debtor. It had the affect of placing the officer as to the account attached, precisely in the situation of the debtor to the bank, and that entitled him to the money in controversy, when it was afterwards realized from the securities.

This right was secured by the seizure of the account, to which the securities appertained and it was not dependent upon the officer's conformity with the requirement that an inventory of the property seized should afterwards be made, or that he should mention the seizure in the return after-

wards made to the attachment. While the law rendered it the duty of the officer to have an inventory of the property made and filed, and to return a statement of the property seized, it nowhere provided that the lien of the attachment shall be divested by reason of his omission to do so. The officer rendered himself liable, by his omission, for his own violation of duty. but that did not have the effect of defeating the rights of the creditor under the attachment. The court in which the proceedings were had, will still have the power to permit the statute to be complied with in these respects. These omissions probably arose out of the supposition on the part of the officer, after he had served the attachment and notice, that nothing could be obtained from the seizure of the bank account. But that turned out to be a mistake, and the mistake was not sufficient of itself to discharge the lien created by the levy.

The order should be affirmed.

For reversal: LOTT, GROVER and HUNT, JJ.
For affirmance: DANIELS and JAMES, JJ.
Judgment reversed, and that of special term affirmed.