WILLIAM M. CLARKE, Appellant, *v.* FRANCIS GOODRIDGE et al., JAMES DRAKE et al., THE SAME.

Where a debtor is the owner of securities, pledged at a bank as collateral to loans, and the sheriff, with an attachment against such debtor, served it upon the bank, with a notice that " all property, effects, rights, debts, credits of the said debtor in their possession or under their control would be liable to said attachment, and particularly that he attached the bank account, and debt due from the bank to the debtor;" and subsequently, on a sale of such securities by the bank, a surplus resulted after paying their loan.—*Held*, that under this levy of the attachment, the sheriff could not hold such surplus against a receiver appointed in supplementary proceedings on another judgment against the debtor, the sheriff's specification, in his notice to the bank, not sufficiently showing the property levied upon. (DANIELS and JAMES, JJ., *contra.*)

(Cause submitted June 26th, and decided September 27th, 1869.)

THIS is an appeal by William M. Clarke, plaintiff in the action first above entitled, and by John D. Taylor as receiver therein, from an order made at a General Term of the Supreme Court, in the first district, directing the Bank of the Republic to pay over to the sheriff of New York, certain moneys to be applied on an execution in his hands upon the judgment in the action second above entitled; and the question arises substantially on the following facts disclosed by affidavit :

The plaintiffs in the second above entitled action, commenced a suit on the 13th of October, 1867, to recover from the defendant, Francis Goodridge, as survivor, the sum of $157,250. Simultaneously with the commencement of the action, an attachment was issued therein, and a copy thereof, with the usual notice indorsed thereon, was served upon the *Bank of the Republic,* in the city of New York. At the time of service of the copy of the attachment upon the bank, with the notice indorsed thereon, the officers of the bank informed the sheriff that they had no funds in their hands belonging to the said Francis Goodridge, or to his firm. The firm of E. R. Goodridge & Co. had previously borrowed

money from the bank, and had deposited certain collateral securities for such loan.    At the time of the interview between the sheriff and the officers of the bank, the bank had not closed the transaction, and was still in the possession of the securities.    Judgment was recovered in the action of the 1st of January, 1868, and execution was issued thereon.    On the same day, the sheriff returned the attachment with the following indorsement: " The within attachment has been merged" in judgment, and execution issued thereon January 1, 1868.    The sheriff made $6,221.99 on the execution, and then returned the execution indorsed as follows: " I certify that there is no real or personal property in my county belonging to the within named defendant, out of which I could make the residue."    Such return was on the 15th of January, 1868.

Subsequently to the return of the execution, the bank closed the transaction in relation to the loan and sold the collateral securities.    Such securities had appreciated in market value, and the sale realized $4,800, over and above the debt for which they were pledged.

On the 23d of March, 1860, a second execution was issued to the sheriff, who demanded the $4,800 from the bank.    The bank declined to pay it over for the reason, that on the 20th of February, 1868, it had been served by the appellant, J. D. Taylor, with a copy of an order issued in the first above entitled action, appointing him, the said Taylor, receiver therein, and with a notification that as such receiver he claimed to be entitled to the aforesaid sum of $4,800.    The president of the bank further stated, that he was willing to pay the money to whomsoever the court should order and direct.

The plaintiff in the first above entitled action recovered a judgment against the said Francis Goodridge, on the 2d of January, 1868, upon which execution was issued, and the same was returned on the 12th of February, wholly unsatisfied.    On the 13th of February, the defendant was cited to appear and answer concerning his property, and on the 14th,

an order was made appointing John D. Taylor, receiver *of the property, assets, and effects of the defendant,* either individually or as survivor of his firm. Mr. Taylor qualified as such receiver. On the 20th of February, he served a notice upon the bank, the purport and effect of which was to notify the bank of his appointment as such receiver. The receiver claimed and demanded payment of said sum of $4,800.

Under this state of facts, a motion was made at Special Term, for an order directing the bank to pay over the money to the sheriff, on the execution in the second above entitled action.

The Special Term denied the motion upon the ground, that the notification under the attachment, given by the sheriff to the bank, was insufficient in its description of the property sought to be attached. At the General Term, this order was reversed and the motion granted. From this order an appeal is now brought to this court.

*Hamilton W. Robinson,* for appellants.

*Clarence A. Seward* (*John H. Reynolds,* with him), for the respondents.

HUNT, Ch. J.    Drake & Co. having commenced an action against Goodridge & Co., issued an attachment to the sheriff of the city and county of New York, against the property of that firm. The sheriff served this attachment upon the National Bank of the Republic, by delivering them a copy of the attachment accompanied by a notice, that all property, effects, rights, debts and credits of the said Goodridge in their possession or under their control, would be liable to said attachment, and particularly, that he attached the bank account and debt due from the bank to Goodridge. At this time, Goodridge had borrowed of the bank a certain sum of money, and had left with it certain certificates of stock as security for the indebtedness, which remained with the bank, the transaction being unclosed. It is not expressly stated, but I infer from the papers, that at this time there was no more value in the stocks pledged than

would pay the bank debt. Subsequently, the stocks appreciated in value, were sold by the bank, and a balance of $4,800 remained to the credit of Goodridge. If the proceeding above taken constituted a levy upon Groodridge's interest in the securities, then the order appealed from must be affirmed. If not, then the money belongs to the receiver appointed in the suit of Clarke, and the order must be reversed. A failure to refer, in the notice to the bank, to the specific securities, or to the transaction with the bank, in such manner as to identify what it was intended to levy upon, is the precise ground of the objection to the attachment.

The transaction between Goodridge and the bank was a simple pledge of certain certificates of stock held by the former. Although there may have been default in Goodridge in paying his debt, the general property in the shares remained in him. His interest could only be divested by judicial proceedings on the part of the bank, or by a sale, upon notice to him of the time and place of sale. (Story Bail. § 287; 2 Kent Com., 557, 581 and fol.) Neither of these proceedings were taken, until long after the levy in question.

The statute contemplates a levy by the sheriff upon two kinds of property: 1. Tangible property, as lands, goods and chattels. 2. Property incapable of manual delivery, such as rights or shares in the stock of an incorporation, or other property incapable of manual delivery to the sheriff. (Code, §§ 232 to 235.) The first class is to be levied upon by the sheriff and taken into his possession, in like manner as under an execution. In executing the attachment upon the other kind of property, the sheriff is directed to leave a certified copy of the warrant of attachment with the head or agent of the corporation or with the individual holding such property, "with a notice showing the property levied on." (§ 235.) In *Greenleaf* v. *Abbott* (19 Abb. R.), it was held, that a general notice that the sheriff levied on the property, rights of action, &c., in the hands of the party, was a compliance with the provision of this section. This construction does away with the whole effect of the last claim of section 235, which requires

that a notice should be given, showing the property levied on. Those words were intended to perform an office, and by them, the levy is confined to the items specified in the notice ; as in the present case, where the bank account and debts due from the bank to Goodridge are specified. Such was the holding of the Supreme Court of the city of New York in *Wilson* v. *Duncan* (11 Abb. R., 3), and in *Kuhlman* v. *Orser* (5 Duer, 242). In my opinion these decisions are right. I agree also with the Superior Court in holding that the expression, "property incapable of manual delivery to the sheriff," is applicable to property not only which, in its nature, is thus incapable of manual delivery, but also to that which has become so from its peculiar position, as where it is under pledge or consignment, with advances made upon the property. The property here was subject to both these disabilities. It could not be levied upon bodily, because it consisted of choses in action, and for the further reason that the pledgee was entitled to its possession. The property should have been specified in the notice of the sheriff, and the interest of the debtors therein, referred to with reasonable certainty.

Upon the merits, the order should be reversed with costs.

GROVER also read an opinion for reversal.

DANIELS read an opinion for affirmance.

For reversal, HUNT, Ch. J., GROVER, MASON, WOODRUFF and LOTT, JJ.

For affirmance, DANIELS and JAMES, JJ.

Order reversed.