By the Court.—Curtis, J.
The plaintiff sues as the assignee of Hathan Hofflin, to recover four thousand one hundred and fifty-three dollars and seventy-five cents in gold, collected by the defendant in California, acting as the agent of Hofflin. Defendant’s answer puts in issue the alleged assignment from Hofflin to Greentree, and sets up that the coin was attached while in defendant’s possession, in a suit brought by Hath an Strauss against the firm of Strauss, Hartmann, Hofflin & Co., of which Hathan Hofflin was a member, September 18, 1867, and that January 1Ó, 1868, Strauss recovered a judgment and the sheriff levied upon the attached coin, and applied the same in part satisfaction of the judgment.
The action was referred, and upon the referee’s report a judgment was entered in favor of the plaintiff, and now comes before the court upon an appeal from the judgment, and an appeal from an order denying defendant’s .motion for a new trial, on the ground of newly discovered evidence.
The present suit was commenced by Greentree claiming under the assignment, December 23, 1867, and subsequently, on August 4, 1868, Bosenstock paid to the sheriff, on an execution issued on a judgment in the attachment suit, the sum of four thousand one hundred and fifty-three dollars and seventy-five cents, with interest, in gold, equal to five thousand nine hundred and forty-six dollars and eighty-nine cents in currency. It thus appears that the defendant, many months after notice of the assignment, and after the bringing of the present suit, paid over this fund to the sheriff at his own risk, and without calling upon the claimants to interplead, or in any way invoking the protection or instructions of the court.
If the assignment to Greentree transferred to him all ■ Hofflin’s interest in the'fund in the defendant’s hands, before the commencement of the attachment suit, that *507 suit and the proceedings under it constitute no bar to the plaintiff’s claim. The plaintiff could not be divested of his property and right to collect it from the defendant by reason of an attachment suit and judgment therein against another man (Clarke v. Goodridge, 41 N. Y. 210).
The referee correctly held that the payment by the defendant to the sheriff was, as a matter of law, no protection to him against this plaintiff’s claim. Any other ruling would tend to confuse and unsettle all rights to property.
An exception was taken by the defendant to a question to the Register of the Gold Exchange, who is present and records the sales of gold, and who was called to prove the value of the gold. The question was as follows : ‘ ‘ By whom were the statements made which were heard by you?” It appeared these statements were made by purchasers and sellers of gold in the ring, in front of him, .and the entries of whose bids were immediately made by him and telegraphed. It was his duty to be the witness and the recorder of these transactions, and as he was called to show his knowledge of the gold market, and consequently of the value of gold, it was proper to show his means of knowledge. Bo ground of objection was stated, and as the referee found against the claim of conversion, and sustained the action as for money had and received, and for the amount stated in the stipulation, five thousand nine hundred and forty-six dollars and eighty-nine cents currency, this exception is without importance.
The defendant further excepts to the finding of fact by the referee, that there was an assignment executed by Hoffiin to the plaintiff on June 9, 1867, and also to the finding by the referee that the consideration for such assignment was the loan of notes, and the payment of a sum of between seven hundred and eight hundred dollars.
*508 The execution of the assignment to the plaintiff at that time, was testified to by three witnesses, and the consideration thereof by two witnesses. Though this was the principal issue in the case, there was no conflicting testimony introduced for the defense, and I cannot see how the referee could very well have found differently from what he has done.
Since the judgment, the defendant has moved for a new trial on the ground of newly discovered evidence, ' on the issue of the making of the "assignment; It is shown by affidavit that plaintiff, since the judgment, stated to a creditor of his, who remarked to him that he would soon be able to pay him out of this judgment, “You know very well how that is, that is Nathan’s money (meaning said Hofflin), and Nathan is not so liberal as to give anything away, no more to me than to you.” And later, when requested by him to pay out of this judgment, plaintiff said such money belonged to Nathan, and that he had spoken of such judgment as Hofflin’s judgment. All this might be proved, and yet it would not show that Green tree, the plaintiff, did not own the property under the assignment, when the attachment suit was commenced, September 18, 1867, and when he commenced , this action, December 23, 1867. The proof of the execution of the assignment was conclusive, and the newly discovered evidence does not appear to be of a character to change the result.
The application for a new trial on this ground does not seem to come within the rules which have governed the court in granting such motions.
For these reasons I think the judgment and order appealed from should be affirmed.