By the Court.—Monell, J.
We are presented at the threshold of this case with the objection that the sheriff has never acquired the right of the insured under the policy of insurance; and, therefore, has no status to maintain the action.
His right to maintain it of course depends upon the sufficiency of the levy under the attachments.
The Code requires, in respect to debts due to the defendant in the attachment, that the execution of the attachment shall be made by leaving a copy of the warrant with the debtor, with a notice showing the property temed on (Code, § 235).
The deputy sheriff testified that he served a copy of the attachment upon .the secretary of the defendant’s company, and at the same time “ asked if they had any property belonging to Mr. E. S. Chandler, and that the secretary replied that he did not know at that time what property of his was in their possession. Nothing was said about a' policy of insurance ; and it does not appear that even the usual notice, which ordinarily is printed upon the back of the attachment, was served on the defendants.
The cases are uniform that to make a sufficient levy the notice must specify the property levied on.
*73 In. Orser, Sheriff, v. Grossman, 11 How. Pr. R. 520, the action was hy the sheriff to recover a debt due from the defendant to the defendant in the attachment, and it was shown that a copy of the attachment was served with a notice, that he attached “ all property,” etc. It was held not to he a levy, and the complaint was dismissed.
In Kuhlman v. Orser, 5 Duer, 242, a similar notice was held to he insufficient; and a like decision was made in Wilson v. Duncan, 11 Abb. 3. See also Harman v. Remsen, 2 Abb. (N. S.) 272.
The late case of Clarke v. Goodrich, 41 N. Y. R. 210, is directly in point. The levy of the attachment was hy serving a copy and giving a general notice, which was held to he insufficient. The cases of Wilson v. Duncan, and Kuhlman v. Orser are approved, and that of Greenleaf v. Abbott, 19 Abb. 469, repudiated.
Under the authority of those cases, the levy in the present case was wholly insufficient, and the sheriff did not acquire under it any right to maintain this action.
The judgment must he reversed, and a new trial granted, with costs to the appellants to abide the event.