# N. Y. SUPERIOR COURT.

JAMES O'BRIEN, sheriff of the city and county of New York, agt. THE MECHANICS AND TRADERS FIRE INSURANCE COMPANY.

To bind the property of which manual delivery cannot be made, by the execution and service of an *attachment*, the *notice* accompanying the attachment of a levy upon all the property of the defendant, must specify the *particular property* sought to be reached, of which manual delivery cannot be made. A general notice with the levy of the attachment is insufficient for that purpose.

*Trial Term, December*, 1872.

VAN VORST, *J.*—This is an action brought by the plaintiff, as sheriff of the city and county of New York, to recover the amount claimed to be due on a policy of insurance, issued by the defendant to E. S. Caudler, whose property was destroyed by fire, in Bellville, Florida. The plaintiff claims to be entitled to bring the action in virtue of a levy and seizure claim, to have been made by him under certain warrants of attachment, issued out of the supreme court, in actions against Caudler in favor of certain of his creditors, residing in New York.

The 235th section of the code of procedure prescribes the manner in which attachments under the code shall be executed, so as to bind property, of which manual delivery cannot be made.

They are to be executed by leaving a certified copy of the warrant with the person holding such property, " with a notice showing the property levied on."

The claim upon the insurance company in favor of Caudler, at the time of the issuing of the attachment, had not

been adjusted and was in fact in dispute, and was of the nature of property of which manual delivery could not be made.

The question raised by the defendant's motion to dismiss the complaint is, was the attachment served on the property in question, that is the claim of Caudler on the defendant, the insurance company? A certified copy of the attachment was served by the sheriff upon the defendant in this action, and it was accompanied with a notice, general in its form, claiming to attach "all the property, real and personal, debts, credits and effects of the defendant in the attachment, embracing money, bank notes, books, vouchers, papers," &c., &c., in the possession, or which might come into the possession, of the defendant in this action.

There was no specific mention in the notice, accompanying the copy attachment sent, of the policy of insurance in question, nor of the claim of Caudler therein. It was not pointed out in the notice.

It has been repeatedly decided that an attachment, accompanied by a notice of a levy upon all the property of the defendant, without specifying the particular property sought to be reached was insufficient and constituted no levy upon such specific property.

There have been repeated adjudications to this effect in this court (*Kuhlman* agt. *Orser*, 5 *Duer.*, 242; *Wilson* agt. *Duncan*, 11 *Abb.*, 3).

The court of appeals has also so decided in the case of *Clarke* agt. *Goodrich* (41 *N. Y.*, 210), in which the adjudications of this court on that subject are approved.

I have been referred to the case of *Kelly, sheriff*, agt. *Roberts* (40 *N. Y.*, 432), as holding a contrary doctrine.

But an examination of that case shows, that the sheriff in the first instance served a general notice with a certified copy of the attachment, and then demanded of the party a certificate of the claim on debt sought to be attached.

That a certificate was refused, and an order was obtained

O'Brien agt. Mech. & Traders Ins. Co.

for the examination of the party, and that after such examina-
tion another copy of the attachment and general notice, with
a special notice accompanying same, pointing out the parti-
cular claim to be attached, was served upon the party.

Under such circumstances the action was held, to be pro-
perly brought by the sheriff to recover the claim.

I cannot disregard these authorities and must acknowledge
their controlling force, and must hold that the claim of
Caudler against the insurance company has not been at-
tached by the sheriff, and that the plaintiff has no such title
to the property, as to enable him to maintain this action,
and that the complaint must be dismissed.