NEW YORK PRACTICE REPORTS.    **453**

O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

# N. Y. SUPERIOR COURT.

JAMES O'BRIEN, Sheriff, &c., plaintiff, agt. THE MECHANICS' AND TRADERS' FIRE INSURANCE COMPANY, defendant.

Where an *attachment* is intended to be levied upon property incapable of manual delivery (*Code*, § 235), to wit, a claim due the debtor in the attachment for money due from an insurance company under a policy issued by them, the *notice* served with the attachment which purports to cover generally all the property, real and personal, money, bank notes, books of account, and vouchers and papers relating thereto, and the debts, credits and effects of the claimant in the possession of or under the control of the defendant (the company), and which is not followed up by the procurement of a certificate and the returning of an inventory, is wholly insufficient to work a levy upon such property or claim. (*This decision affirms that delivered at special term, 44 How., 213.*)

A condition, contained in a policy of insurance, that no action shall be brought against the company within six months after the loss occurs, is a valid contract of limitation and will be enforced by the courts.

*General Term, May,* 1873.

*Before* BARBOUR, *C. J., and* FREEDMAN *and* SEDGWICK, *JJ.*

THIS action was brought by plaintiff, as the representative of certain attaching creditors, upon a policy of insurance for $2,500, dated July 27th, 1868, and issued by defendant to E. S. Candler, Jr., upon property at Belleville, Florida. On October 26th, 1868, the property insured, with the exception of a log-house, was entirely destroyed by fire.

On November 24th, 1868, Candler furnished formal proofs of the loss, but was required by the defendant to furnish more particular proofs, which he did in part. The remainder he claimed to be unable to furnish.

February 2d, 1869, Moore, Wakefield & Co., of New York, obtained a warrant of attachment against Candler, which was

O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

served by the plaintiff, as sheriff, on defendant the next day.

Their claim went to judgment and execution March 6th, 1869, for $1,189.97, and their attachment was returned on that day merged in execution.

Six other creditors of Candler also obtained attachments which were served on defendant, five of which and two executions still remain in the sheriff's hands.

June 18, 1869, the sheriff brought this action to collect the insurance under the Code, §§ 232, 237, sub. 4, and the attaching creditors, all but Wm. Boyce & Co., united in prosecuting it.

The answer charges that the loss was fraudulently overstated in the preliminary proofs, and that the action was not brought within six months after the loss, as required by the policy.

Defendant's counsel moved to dismiss the complaint on the following grounds :

I. That the attachment had never been levied upon the property in question.

II. That in the twelfth condition of the insurance it was expressly agreed that no suits or actions against the company for the recovery of any claim by virtue of the policy should be sustainable in any court of law or chancery, unless said suit should be commenced within six months after the loss occurred.

III. That no right of action ever accrued to anybody, inasmuch as the proofs of loss were never served in compliance with the ninth condition of the policy.

The justice dismissed the complaint on the ground that the sheriff's proceedings did not constitute a levy, and that the unadjusted claim of Candler against the company had not been attached, the notice served not sufficiently " *showing the property levied on* " (*Code*, § 235).

Plaintiff's exceptions were ordered to be heard in the first instance at the general term, with a stay in the action until decision thereon.

O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

WILLIAM W. BADGER & LIVINGSTON K. MILLER, *for
plaintiff*.

GEORGE W. PARSONS, *for defendant*.

*By the Court*, FREEDMAN, *J.*—The learned judge who pre-
sided at the trial dismissed the complaint for the reason that
the claim of Candler against the defendant upon the policy in
question had not been attached by the sheriff, and that conse-
quently the plaintiff had no such title to the property as is
necessary for the maintenance of the action.

The manner in which attachments under the Code are to be
executed, so as to bind property of which manual delivery
cannot be made, is prescribed by the 235th section. They are
to be executed by leaving a certified copy of the warrant of
attachment with the person or corporation holding such pro-
perty, "with a notice showing the property levied upon." .
Section 236 furnishes the sheriff with the means of obtaining
a disclosure of all the particulars necessary to enable him to
describe the property intended to be levied upon with due
particularity. He may apply to the person holding the pro-
perty.for a certificate designating the amount and description
of the property so held. In case the certificate be refused, it
may be compelled.

In *Kuhlman* agt. *Orser* (5 *Duer*, 242), this court expressly
held, as one of the grounds upon which judgment absolute
was ordered for the plaintiff upon the verdict, that the require-
ment of the said 235th section can only be satisfied by a notice
which so particularly describes the property that the holder
is thereby enabled to identify it, and that a notice general in
its terms and containing no specification of the particular pro-
perty meant to be levied on is insufficient and void.

This decision has since been followed by this court in
*Wilson* agt. *Duncan* (11 *Abb.*, 3), and has been expressly
approved by the court of appeals in *Clarke* agt. *Goodridge*
(41 *N. Y.*, 210). It is true that, in another report of the
last named case, contained in 44 *How.*, 226, an attempt has

been made to show that the opinion of chief justice HUNT, upon the point now under consideration, was not concurred in by a majority of the court, and was not necessary to the decision of that case. But the printed cases in *Clarke* agt. *Goodridge* and *Drake* agt *Goodridge*, which were handed up by defendant's counsel, and a critical examination of the opinions published in 44 *How.*, in the light which the printed ·records throw upon them, decidedly show that, although there were two motions in these cases, which may have been argued together in the court of appeals, they had, nevertheless, been disposed of originally by two different judges of the supreme court; and that they involved essentially different questions, which were ultimately disposed of by the court of appeals as follows:

In the one case the order was reversed, for ·the reason stated by chief justice HUNT, and concurred in by all the judges except DANIELS and JAMES, that the notice served by the sheriff upon the National Bank of the Republic did not specify sufficiently the property intended to be levied on, and did not refer to the interest of the debtor in such property with reasonable certainty.

In the other case the order was reversed for the reasons stated in the opinions of GROVER and LOTT, JJ., namely, that it did not appear that the sheriff had at *any* time made an attempt in *any* way to serve the attachment, while it was in his hands, upon the debt due from Verhuven & Co. to Goodridge; that, consequently, the attachment never had been a lien on the fund, and that, upon its return, the sheriff's power under it had ceased. Mr. justice GROVER was, therefore, entirely correct in saying (44 *How.*, 229) that the sufficiency of the *notice* served by the sheriff upon the National Bank of the Republic, in the case first above referred to, had nothing to do with the second case.

The doctrine first laid down in *Kuhlman* agt. *Orser* (*supra*) represents, therefore, not only the settled law of this court, but the law of this state, as settled by the court of appeals;

and from this it follows that the notices served in the case at bar, which purported to cover generally all the property, real and personal, money, bank notes, books of account, and vouchers and papers relating thereto, and the debts, credits and effects of Candler, in the possession of or under the control of the defendant, and which were not followed up by the procurement of a certificate and the returning of an inventory, were wholly insufficient to work a levy upon Candler's claim under the policy in question.

This being so, the sheriff is not in a position to maintain this action; and the defect could not be cured by proof that, subsequent to its commencement, but long after the limitation of the six months prescribed by the policy for its commencement had attached, he made a new levy, accompanied by a proper notice. Such a contract of limitation is valid and will be enforced by the court (*Roach* agt. *The N. Y. and Erie Ins. Co.*, 30 *N. Y.*, 546; and *The Mayor*, &c., of *N. Y.* agt. *The Hamilton Fire Ins. Co.*, 39 *N. Y.*, 45). Nor could the defect be obviated by mere conversations between the deputy sheriff and defendant's officers. The remedy given by the 235th section is not merely cumulative, but is the only remedy known to the law in the cases there mentioned, and must be strictly pursued.

Plaintiff's exceptions must be overruled, and judgment absolute, dismissing the complaint, ordered for the defendant, with costs.

BARBOUR, C. J., and SEDGWICK, J., concurred.