(23 Civ. Proc. R. 337.)

COLBERG v. EMERSON.

(Supreme Court, Special Term, New York County. March 5, 1894.)

SHERIFFS—COMPENSATION—POUNDAGE ON DISSOLUTION OF ATTACHMENT.
    Code Civ. Proc. § 649, provides that an attachment shall be levied on personal property capable of manual delivery by taking the same into actual custody, and on all other personal property by leaving a certified

copy of the writ, and a notice showing the property attached, with the person holding the same. *Held,* that where a copy of a writ of attachment and a notice of levy were served on the keeper of animals belonging to defendant, which were held by a collector of customs as dutiable, the levy is complete, so as to entitle the sheriff, under Laws 1892, c. 418, § 2, on a discharge of the writ, to poundage on the value of the property, though he never had actual possession.

Action by one Colberg against one Emerson. Certain animals belonging to defendant, then on board the steamship Tauric, had been taken possession of by the collector of the port of New York on the ground that they were dutiable; and, while they were in possession of a keeper with whom they had been placed by the collector, plaintiff caused an attachment to be executed by serving a copy thereof on the keeper, with a notice that he levied on all the property of defendant. Afterwards the attachment was discharged on a bond given by defendant. The sheriff now applies for taxation of poundage and keeper's fees. Application granted as to poundage.

Burritt S. Stone and W. E. Stilling, for the motion.
John A. Deady and Goodrich, Deady & Goodrich, opposed.

ANDREWS, J. The Code of Civil Procedure[1] provides that an attachment shall be levied upon personal property, capable of manual delivery, by taking the same into the sheriff's actual custody, and upon other personal property by leaving a certified copy of the warrant and a notice showing the property attached with the person holding the same. The former Code of Procedure contained similar provisions, and the expression "property incapable of manual delivery" has been the subject of judicial interpretation. In Clark v. Goodrich, 41 N. Y. 214, the judge delivering the opinion of the court said:

"I agree with the superior court in holding that the expression, 'property incapable of manual delivery to the sheriff,' is applicable to property which not only in its nature is thus incapable of manual delivery, but also to that which has become so from its peculiar position, as where it is under pledge or consignment, with advances made upon the property."

In Warner v. Bank, 115 N. Y. 251, 22 N. E. 172, the court held that an attachment would lie against securities in the hands of a party, where the party holding said securities had a lien upon the same, and the sheriff could not take it into actual custody. In Colman v. Orser, 5 Duer, 250, an attachment had been issued against goods which were in the customhouse. In that case it was said by the court that:

"The alleged service, which is relied on as a valid levy, was made in August, 1853; and as the goods were then in the customhouse, and the duties unpaid, the counsel for the defendant was right in saying that the sheriff could not require a manual delivery of the goods, but according to the decision of this court in Brownell v. Carnley, 3 Duer, 9, could only execute the attachment under the mode prescribed by section 235 of the Code."

In the case at bar an attachment was issued on January 31, 1894, by this court, and the affidavits submitted on the part of the sheriff

[1] Section 649.

state that he levied upon the animals therein referred to, on the steamer Tauric, lying at pier 38, North river. Such affidavits also state that after the goods had been removed to 600 Greenwich street, in this city, the deputy sheriff having the attachment served upon the person in whose care and custody the said property was placed for and on behalf of the United States government a certified copy of said warrant of attachment, and a notice showing the property attached. The notice in question is a general one, and does not specify any particular property, but it was held in O'Brien v. Insurance Co., 56 N. Y. 55, that such a general notice is sufficient. In view of the interpretation which, as above stated, has been placed by the courts upon the expression, "property incapable of manual delivery," I think that in the case at bar a valid levy was made under the warrant of attachment. This view seems also to have been taken by the attorneys for the defendant, for on the 8th of February an order was obtained by them, discharging the attachment. This order is as follows: "A warrant of attachment having been duly granted herein, on the 31st day of January, 1894, and issued to the sheriff of the county of New York, and the defendant having applied for a discharge of said attachment, and having given the undertaking required by section 688 of the Code, and the same having been duly approved and filed: Now, on motion of Goodrich, Deady & Goodrich, attorneys for the defendant, it is ordered that the warrant of attachment granted herein, January 31, 1894, by Mr. Justice Lawrence, be, and the same is hereby, discharged." This order does not recite that a levy had been made, but it is difficult to understand why the attorneys for the defendant thought it necessary to obtain an order discharging the attachment if no levy had been made. Under these circumstances, I think that the sheriff is entitled to poundage. Section 2 of chapter 418 of the Laws of 1892 provides that where the warrant of attachment is vacated, set aside or discharged by order of the court, the sheriff shall receive poundage upon the value of the property attached, not exceeding the amount specified in the warrant. I understand that it is conceded that the value of the property attached largely exceeded the amount specified in the warrant, which was $10,000. The sheriff will therefore be allowed $275 for his poundage. In view of the fact that the property was not actually taken into the custody of the sheriff, the claim for keepers' fees has, I understand, been withdrawn.