O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

## COURT OF APPEALS.

James O'Brien, sheriff, &c., appellant, agt. The Mechanics' and Traders' Fire Insurance Company, respondent.

A general form of notice by the sheriff that he attaches "all the property, debts, &c., of the defendant in the possession or under the control" of the party served with the notice, when served with a copy of the warrant of attachment, does show the property levied on sufficiently, and is sufficient to constitute a valid levy under section 235 of the Code.

It is optional with the sheriff to limit his levy by specifications in his notice or not, as he pleases (*Clark* agt. *Goodrich*, 41 *N. Y.*, 200 ; 44 *How. Pr. R.*, 228, *explained, qualified and distinguished*).

The four judges who concurred with Hunt, Ch. J., in the result in that case, did not concur in the opinion nor in the reasons given by the chief justice, as to the notice (*Kuhlman* agt. *Orser*, 5 *Duer.*, 242, *and Wilson* agt. *Duncan*, 11 *Abb.*, 3). As to this point of notice and the two general term decisions in this case, 44 *How. Pr. R.*, *overruled*.

*Greenleaf* agt. *Mumford* (19 *Abb.*, 469), *and Drake* agt. *Goodrich* (54 *Barb.*, 78), *approved* in the reasons given, without reference to the facts of those cases.

*February*, 1874.

The sheriff sued to collect a loss under a policy of insurance issued to E. S. Candler, Jr., of Florida, by virtue of seven attachments against Candler, issued against him in New York, as a non-resident. The facts sufficiently appear in the opinion.

Wm. W. Badger, *for the attaching creditors.*
A. J. Vanderpoel, *for the sheriff.*
Geo. W. Parsons, *for the respondent.*

Allen, *J.*—The plaintiff was turned out of court and his complaint dismissed solely upon the ground that the attach-

ment had never been levied upon the claim in contention, and that for want of such levy the plaintiff had no title to the same, and was not entitled to maintain an action for its recovery. Two other grounds were suggested by the defendant in his application to dismiss the complaint, but neither were considered or passed upon by the court, and neither can be said, even if decided adversely to the plaintiff upon the case as made upon the trial, to be conclusive upon the right of the plaintiff. The objections are capable of being obviated and overcome by other and further evidence, and that being the case the defendant cannot have the benefit of them upon this appeal. It is only when the record discloses an insuperable difficulty to a recovery by the plaintiff, that a judgment against him will be sustained, if the court below erred in the decision actually given. The only question before us is, whether the notice left with the defendant, at the time of leaving the certified copy of the attachment, was a sufficient compliance with section 235 of the Code, and a valid attachment of the claim now sued upon. We are not seriously embarrassed by authority, and the question as now presented may properly be considered as *res nova*.

The supreme court in the first district, and the superior court of the city of New York, where only so far as appears the question has arisen, have differed in their interpretation of the statute and the duty of the sheriff under it, and there is no settled or authoritative practice under this conflict of authority (*Kuhlman* agt. *Orser*, 5 *Duer*, 242; *Wilson* agt. *Duncan*, 11 *Abb.*, 3; *Greenleaf* agt. *Mumford*, 19 *id.*, 469; *Drake* agt. *Goodridge*, 54 *Barb.*, 78). In this court but two cases need be referred to, *Kelly* agt. *Roberts* (40 *N. Y.*, 432) and *Drake* agt. *Goodridge* (41 *N. Y.*, 210). In *Kelly* agt. *Roberts*, with a copy of the attachment, the sheriff left a notice with the defendant Roberts, that all the property, effects, rights, &c., and the debts and credits of the debtors in the attachment, then in his possession or under his control, would be liable to the warrant of attachment, and he was required to

deliver all such property, &c., into the custody of the sheriff without delay. After an examination of Roberts under section 236 of the Code a new notice was served, adding to the first notice a particular statement of the claim intended to be levied upon, and to recover which the action was brought. Other questions divided the court and were considered at length, and the only allusion to the service of the attachment is the brief remark of judge James, that he thought the service sufficiently identified the debt sought to be recovered. *Drake* v. *Goodridge* turned upon the question whether the particular securities which were in controversy, and the interest of the debtor therein had been levied upon by the sheriff, and judge Hunt, in his opinion, considers the sufficiency of a general notice, similar to that served by the sheriff in this instance, and comes to the conclusion that such a notice is not a compliance with the statute requiring the notice to show the property levied on.

Four judges concurred with judge Hunt in reversing the order appealed from, and two were for an affirmance.

Upon what precise views the four concurring judges arrived at the same result with judge Hunt does not appear. The reporter does not state that they concurred in the opinion. The report states that judge Grover also read an opinion for a reversal. This is a mistake. His opinion was in *Clark* agt. *Same Defendants*, argued at the same time, and is reported in 44 *How., Pr. R.* 228, and the dissenting opinion of judge Daniels in the Drake suit, concurred in by judge James, is also reported in same book at page 234. The notice of the sheriff, served with the attachment, was essentially different from that before us, and after the general clause stating not that he attached, but that all the debts credits, &c., of the defendant in the attachment, would be liable to the said attachment, and that the bank to which it was addressed, and upon which it was served, was required to deliver all such property, &c., into the custody of the sheriff, &c.; it stated that the sheriff particularly attached the bank

account and debt from the bank to E. R. Goodridge, &c., and thus clearly indicating and showing that the intent was to levy upon a particular debt and the property specified, and by necessary intendment excluding all other property, that is, limiting the general notice by the particular clause. There was no debt due from the bank, and the claim and interest of the defendant and debtor in the attachment proceedings was not described in the special clause of the notice, and it is, at least, doubtful whether it comes within the general clause. But the case could have been well decided upon the ground that the sheriff, by the particular form of his notice, limited his levy to the property specifically mentioned. The case did not necessarily decide the question before us.

A warrant of attachment under the Code directs the sheriff to attach and safely keep all the property of the defendant within his county, and this includes not only tangible property, real and personal, but things in action and evidences of debt (*Code*, §§ 231, 462, 463, 464).

A levy upon rights and shares in the stock of associations or corporations, and debts and other property incapable of manual delivery, cannot be effected by an actual seizure, as in case of movable chattels, but may be attached and held for the satisfaction of any judgment that may be recovered by the proceedings authorized by section 235 of the Code. A leaving of a copy of the warrant of attachment with either of the officers or agents of the association or corporation named, or with the debtor or individual holding such property, with notice showing the property levied on, is the statutory levy impounding the property for the satisfaction of the judgment, as effectually as a seizure of chattels capable of manual delivery. The statute authorizing attachments against absconding, concealed and non-resident debtors (2 *R. S.*, 2) accomplished the same purpose by the publication of a notice of the issuing of the warrant of attachment, and that the payment of any debts and the delivery of any property belonging to the debtor, to him or for his use, and the trans-

O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

fer of any property by him, was forbidden by law and were void, and declaring that every payment of any debt or the delivery of any property to the debtor after the first publication of the notice should be deemed fraudulent as against the trustees appointed in the proceeding (2 *R. S.*, 7, §§ 30 *to* 35). The proceeding under the Revised Statutes was for the benefit of all the creditors of the individual proceeded against, while the provisional remedy under the Code, by attachment, is for the benefit of a particular creditor, who may seize only so much of the property of the debtor as will be sufficient to satisfy the claim. Instead, therefore, of a general notice to bind and charge all the property of the debtor, a notice to the individual owing the debt, or holding the property intended to be levied upon, is authorized. The sheriff, by his action and the notice he gives, acquires no actual dominion over the property. It is as much beyond his personal control as before the levy, and there is no particular magic in the act of giving the notice that affects the status or the rights of any one, save as prescribed by statute, or changes the character or actual condition or possession of the property. The notice is but an act of caution to the individual upon whom it is served, intended and operating solely to prevent his paying the debt or delivering the property to the debtor, and impounding it to answer the judgment. It answers all the purposes which the law contemplates, if it notifies the individual that a warrant of attachment has been issued against his creditor, or the owner of property in his possession, and that the sheriff claims to levy upon the debt owing by him, or the property in his possession, and it would be strange, indeed, if mere surplusage, the use of language so general in its terms that it would include much more than the result would show was within the reach of the sheriff, would vitiate a notice clearly embracing debts and property subject to attachment, and owing by or in the possession of the individual served. A notice by the sheriff, that he attaches all property,

debts and effects, and all rights and shares of stock, &c., in the possession or under the control of the individual served, does show the property levied on. A particular description of the property and debts supposed to be in the possession of or owing by him is not necessary for the information of the party served, and would not more satisfactorily show to him the property intended to be reached. The individual served necessarily knows better than the officer can know, the property and debts in his possession or owing by him subject to attachment.

A notice by the sheriff that he attached all the bonds and mortgages and promissory notes belonging to the attachment debtor in the possession of an individual, would be good without specifying the particular securities of the debtors, and if, perchance, there should be but one bond and mortgage and no promissory notes, the excessive claim would not vitiate. If a case could be supposed in which a party could be misled and injured by the generality of a notice of this kind, it might be different. To require a particular description of the rights, debts and choses in action which would identify and distinguish them from all others of a like kind, would be to render the remedy by attachment, in a great majority of cases, abortive as a process against property of this character. Neither the pursuing creditor nor the sheriff can ordinarily know the precise character of the dealings between the debtor proceeded against and third persons, and if no levy can be made, until by proceedings under section 236 of the Code the particulars can be ascertained, it is quite evident that this provisional remedy would, in very many cases, be of but little practical value. It is only by a proper and sufficient levy that the property can be held, and if that cannot be made until after an examination under section 236, it is quite evident that the sheriff would, in most cases, and might in all, be saved the trouble of making any levy. The party summoned for examination would have no difficulty in so disposing of the property as to put it beyond the reach of

the creditor. The remedy was designed to be effectual, and, to make it so, any notice which shows to the party served that any particular part, or all of the property or debts in his possession belonging to the debtor in the attachment proceedings, or owing by him is attached and intended to be claimed and held by the sheriff, must be held to be sufficient.

In my judgment, the plain design of the provision under consideration, and the full accomplishment of every purpose that could have been intended by a notice, is fully answered by a notice like that before us, unless as in *Drake* agt. *Goodridge*, it is designed to levy only on a particular class or part of the property, and exclude the residue. The reasoning of judge CLERKE upon this particular question, without reference to the facts of that case, in *Greenleaf* agt. *Mumford* (19 *Abb.*, 469), is entirely satisfactory to me, and, I think, conclusive. The danger and difficulty of undertaking to specify and describe the particular debt or chose in action, or the particular interest intended to be attached, is exemplified in *Drake* agt. *Goodridge*.

Section 236 does not qualify section 235, or aid us in determining what will be a sufficient showing of the property levied on by the notice required by the latter section. It does enable the sheriff, in his discretion, to apply for a certificate of the particular property of the debtor, in the possession of the party to whom the application is made, and, in case of refusal, authorizes an examination. But the refusal by no means suspends action upon the attachment, or prevents a levy until the examination is had. Neither is the sheriff compelled to proceed to an examination, but he may do so if he pleases. That proceeding is for the benefit of the creditor and the sheriff, but they are not bound to resort to it. If the application was made and a certificate refused, it would clearly indicate that the levy should be made at once, and an examination, if necessary, had afterwards. If the certificate is given, the sheriff is not bound by it, but may

O'Brien agt. Mechanics' and Traders' Fire Insurance Co.

attach the property described by the certificate, and all other property liable to attachment in the possession of the party.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

ALLEN, J., reads for reversal and new trial.

All concur.