<hr />

[Filed February 11, 1889.]

## J. W. BATCHELLOR, RESPONDENT, *v.* S. T. RICH- ARDSON ET AL., APPELLANTS.

A PARTY, IN ORDER TO ESTABLISH TITLE TO A DEBT under proceedings in garnishment upon execution, must show that a levy was made by virtue of the execution upon the debt, and that the law relating to such proceedings had been strictly complied with.

WHERE A GARNISHEE FURNISHES A SHERIFF to whom a writ of execution has been issued a certificate as to any indebtedness owing by him to the defendant in the writ, the plaintiff therein, if not satisfied with the certificate, may apply to the court, or judge thereof, where the action is pending for an order requiring the garnishee to appear and be examined on oath concerning the same; and if the plaintiff fail to pursue that course, he will be deemed to have accepted the certificate as true, and will not be permitted to question the statement contained therein. And where a garnishee furnished such certificate, and before any subsequent proceedings were had in the matter, furnished a second one, to correct a supposed mistake in the first, which the sheriff received and made a part of his return of the proceedings had on the execution. *Held,* that the plaintiff had no right to attempt a sale of the debt, when it appeared from the second certificate that the debt had been assigned by the defendant in the writ to a third person.

WHERE W. M. D. EXECUTED TO M. D. CERTAIN PROMISSORY NOTES, and a mortgage upon real property to secure their payment, and B. subsequently commenced a suit to foreclose the said mortgage, alleging an assignment of the notes and mortgage by M. D. to him; and R. and S. claiming that by virtue of an execution upon a judgment against M. D. in favor of one M., and of proceedings of garnishment had thereon, they became owners of the debt evidenced by the notes, and having been made parties defendant to the foreclosure suit by order of the court, and filed

an answer therein, in which they alleged that the assignment of the notes by M. D. to B. was done with an intent to defraud the creditors of the former, but did not allege that the execution was levied upon the said debt, nor prove that such levy was made; and it further appearing that W. M. D., when the sheriff, with the writ of execution against M. D., applied to him for the purpose of levying upon said debt, furnished the sheriff with a certificate, from which it appeared that he was owing said M. D. the said debt, but afterwards, and before any subsequent proceedings were had in the matter, furnished the sheriff a second certificate, to correct a supposed mistake in the first one, and from which it appeared that prior to the application of the sheriff to him with the writ of execution, the said M. D. had assigned the debt to B., and the said sheriff received the second certificate and made it a part of his return of the proceedings had on the execution, yet notwithstanding he proceeded, at the instance of M., to sell the said debt upon the execution at sheriff's sale, and R. and S. purchased it at such sale: *held*, that they acquired no title thereby to the debt, and had no sufficient standing in court to impeach the *bona fides* of the assignment from M. D. to B.

APPEAL from the Circuit Court for the county of Marion.

*Stott, Waldo, Smith, Stott, & Boise,* for J. W. Batchellor.

*W. M. Kaiser,* for Appellants.

THAYER, C. J.—This appeal is from a decree rendered by the said circuit court in a suit brought by the respondent against William M. Davis, Mary Davis, and T. W. Rutherford, to foreclose a mortgage executed by William M. Davis on the twenty-fourth day of September, 1885, to secure the payment of three non-negotiable promissory notes executed by the said William M. Davis to the said Mary Davis, amounting to two thousand dollars, and claimed by the respondent to have been assigned to him by the said Mary Davis on the twelfth day of January, 1886. Two of the said notes were for the sum of five hundred dollars each, and became due respectively on the first day of December, 1885, and one the first day of December, 1886. The other note was for one thousand dollars, and became due on the first day of December, 1887.

The latter note drew interest at the rate of ten per cent per annum; the other two were to draw no interest until after maturity. The said T. W. Rutherford was made a party defendant in the suit, in order to foreclose a lien he had or claimed to have upon the mortgaged premises.

Neither of the Davises nor said Rutherford filed any answer to the suit, but the said appellants, after it was commenced, obtained leave of the court to be made parties defendant therein, and thereupon filed an answer, in which they alleged that the assignment of the notes by Mary Davis to the respondent was made to hinder and delay her creditors, particularly the appellants, which fact the respondent knew at and before said assignment was made to him. They further alleged in said answer that one E. W. McCann, on the thirty-first day of December, 1885, commenced an action in said circuit court against the said William M. Davis and Mary Davis for the recovery of money; that on the seventh day of January, 1886, the summons was duly served upon the said Mary Davis in person, and that on the twelfth day of January, 1886, she made the said assignment for the purposes mentioned; that it was made without any consideration whatever; that on the eighth day of February, 1886, said McCann obtained a judgment in said circuit court against said Mary Davis for $1,191.25, and costs taxed at $21.95; that on the ninth day of February, 1886, an execution was issued on said judgment, and delivered to the sheriff of Marion County; that on the same day said sheriff served the said execution on said William M. Davis, who on the same day gave said sheriff a certificate, in which he acknowledged that he was owing a balance of $150 on the first-mentioned promissory note, and the whole of the other two notes, set out in the complaint in the suit, "the first note" being the one due December 1, 1885; that said notes were not negotiable, and that he had re-

ceived no notice of their assignment, and that they were secured by the said mortgage; that on said certificate said sheriff duly advertised and sold at public auction said promissory notes and indebtedness, on the twenty-sixth day of March, 1886, to the appellants for the sum of twenty dollars, and that they were the owners and holders thereof, and that there was due and owing to them thereon $150 and interest on the first note, and the whole amount of the two other notes and interest; and whereupon the appellants prayed a decree dismissing the respondent's suit, and declaring the said assignment of said notes to him void. They also prayed a foreclosure of the mortgage, the sale of the mortgaged premises, and that the proceeds thereof be applied to the payment of the said indebtedness to them. The respondent filed a reply to the said answer, denying all the material allegations therein contained.

After the issues were so made, a large amount of evidence was taken, consisting of writings and oral testimony. The writings refer generally to the proceedings had upon the said execution, and the testimony was taken mainly to show that the assignment of the notes by Mary Davis to the respondent was done with intent to hinder, delay, and defraud her creditors.

The said circuit court heard the case upon the allegations and proofs of the parties, and found, as conclusions of law, from the facts found by the court, that the respondent was the legal owner of said notes; that the alleged sale of the notes by the sheriff to the appellants gave them no title or interest in the notes or the debt secured thereby, and that the respondent was entitled to a decree against said William M. Davis for the amount due on the notes, and for the foreclosure of the mortgage, upon which findings the decree appealed from was en-

tered.   It occurred to me upon the argument of this case that the appellants were not properly in court.

I was under the impression that the question of their ownership of the notes and mortgage should be settled before an attempt was made to foreclose the mortgage, and should have been done either by a contest for their possession, or by some proceeding in the nature of an interpleader, and I think now that it would have been more regular if the said William M. Davis had filed a pleading of that character in the suit, and had the question of such ownership determined in the outset.   But the authorities seem to hold in such cases that a plaintiff has a right to make a contesting owner of the mortgage sought to be foreclosed a party defendant in the foreclosure suit and have his claim decided therein, consequently the court, in this case, had a right, under section 41 of the code, to cause the appellants to be brought in and made defendants, as was done.

The circuit court does not appear to have based its conclusions of law, "that the pretended sale of the notes by the sheriff to appellants gave them no title or interest in the notes or debt secured thereby," upon any particular fact.   It found that McCann recovered the judgment against the said Mary Davis, the issuance of an execution on the judgment, its service on William M. Davis, with a notice that the said notes were levied on as the property of Mary Davis to satisfy the judgment; that said William M. Davis gave to the sheriff the certificate that he was owing said Mary Davis the said notes, less $350 paid on the first note, and a sale of the notes under the execution to the appellants, as alleged in their answer.

The court also found, and the fact appears from the evidence, that the said William M. Davis, after giving said sheriff the said certificate of February 9, 1886, gave him, on the eleventh day of March, 1886, an amended

certificate, in which he stated that he was not correct in his first certificate, and that since making the same he had learned that said notes and mortgage had been assigned to J. W. Batchellor, the plaintiff therein, and that he was not at the time of the service of execution and notice indebted to said Mary Davis on said notes.

The said court stated as a fact, in the last paragraph of the ninth finding of fact, after stating that the sheriff proceeded to sell at public auction said notes, etc., the following: "Said sheriff never having possession of said note or other authority to sell the same than as appears from the facts stated above."

It would seem from this statement that the said court attached importance to the fact that the sheriff did not have possession of the notes at the time he sold them under the execution; but whether the court based its said conclusion of law upon such fact, or upon the fact of the amended certificate, or upon some other fact, is left entirely to conjecture. It certainly was not based upon any finding that the assignment of the notes by Mary Davis to respondent was made in good faith, as the court states in its conclusions of law that, it being considered by the court that the pretended sale of said notes by the sheriff to appellants was unauthorized by law, it makes no findings relative to the alleged fraud in said assignment. Such a finding was unnecessary, of course, unless it were shown that the appellants had, by their proceedings of garnishment, succeeded to the title of the notes and mortgage; but it would have been more satisfactory if the circuit court had pointed out wherein those proceedings were defective, and failed to transfer the title of the notes to the appellants. McCann had a right to have an execution issued upon his judgment against Mary Davis, and to have it levied upon any debt owing to her by William M. Davis, and to have it satisfied out of such

debt. The code points out the mode of procedure in such cases.

Subdivision 4 of section 283 provides as follows: Property shall be levied on (by writ of execution) in like manner and with like effect as similar property is attached as provided in sections 149 and 152, omitting the filing of the certificate provided for in section 151.

Subdivision 3 of said section 149 provides that personal property not capable of manual delivery shall be attached by leaving a certified copy of the writ, if it be a debt, with the debtor.

Said section 152 provides that whenever the sheriff with a writ of attachment against the defendant shall apply to any person, etc., mentioned in subdivision 3, section 149, for the purpose of attaching any property mentioned therein, such person, etc., shall furnish him with a certificate designating the amount and description of the debt owing to the defendant. If such person, etc., refuse to do so, or if the certificate, when given, be unsatisfactory to the plaintiff, he may be required by the court, or judge thereof, where the action is pending to appear before him and be examined on oath concerning the same, and disobedience to such order may be punished as contempt.

Section 284 provides that in the case of property in the possession of or owing from any garnishee mentioned in section 152, the sheriff shall proceed as follows: If it appears from the certificate of the garnishee that he is owing a debt to the judgment debtor which is then due, if such debt is not paid by such garnishee to the sheriff on demand, he shall levy on the property of the garnishee for the amount thereof, in all respects as if the execution was against the property of the garnishee. But if such debt be not then due, the sheriff shall sell the same according to the certificate as other property.

If the proceedings of garnishment under which the appellants claim title to the notes conform to the various provisions of the statute above set out, then the appellants gained a standing that would enable them to question the good faith of the assignment of the notes by Mary Davis to the respondent, otherwise it would not matter, as far as this case is concerned, as to what intent said assignment was made with.

It is an inflexible rule of law that title to property cannot be divested out of one person, and invested in another, by proceedings *in invitum*, unless such proceedings are strictly complied with.

The appellants, therefore, in order to maintain that the title to the notes in question was divested out of Mary Davis, and that they succeeded to it, had to allege and prove that E. W. McCann recovered a valid judgment against her; that a regular execution was issued thereon; that the sheriff, by virtue thereof, levied upon the debt evidenced by the said notes by leaving a certified copy of the writ, and a notice specifying the property levied upon, with William M. Davis; that the said Davis furnished the sheriff with a certificate designating the amount and description of the debt owing by him to the said Mary Davis; that it appeared from such certificate that said William M. Davis was owing said debt to said Mary Davis, and that the same was not then due.

That the judgment was duly rendered, and the execution regularly issued, there is no contention; but that the allegation of the levy upon the debt is sufficient is very doubtful. Said allegation is as follows: "And on the ninth day of February, 1886, said sheriff duly levied and served the said execution on William M. Davis, one of the defendants in this suit, and said William M. Davis, on said ninth day of February, 1886, gave said sheriff a certificate, in which," etc.; when the allegation should have

been that the sheriff, by virtue of the said writ of execution, levied upon the said debt by leaving a certified copy of the said writ, and a notice specifying that he levied upon the said debt, with the said William M. Davis. Nor, in my opinion, does the certificate of return of the said execution by the said sheriff show that the execution was legally levied upon the said debt.

Said sheriff certified in said return that he received the execution on the ninth day of February, 1886, and levied and served the same within said state and county on William M. Davis, by delivering to said William M. Davis, in person and personally, a true copy thereof, prepared and certified by him as sheriff, together with a notice specifying the property levied on, and requiring the said William M. Davis to furnish him a certificate designating the amount and description and character of such debt owing from said William M. Davis to said defendant Mary Davis.

The sheriff does not certify in his return of the execution that he levied upon any property whatever. He states therein that he served the execution on William M. Davis, and that he specified in the notice which he delivered to him the property levied upon, but what property he did levy upon is not shown.

· It might have been, for anything appearing to the contrary in the return, tangible property. His return should have contained the words of the notice relating to the property levied upon, and not its general purport.

In *O'Brien* v. *Merchants' and Traders' Fire Ins. Co.*, 56 N. Y. 52, the court of appeals, in construing a similar provision of statute, held that a general notice by the sheriff that he attaches all property, debts, etc., belonging or owing to the defendant in the attachment suit, in the possession or under the control of the individual served, was sufficient without specifying or showing the particular

property or debts supposed to be in the possession of or owing by him. That case always seemed to me to smack of judicial legislation; but it lays down a wholesome rule, the operations of which are particularly beneficial.

No one will contend, however, that any kind of property can be affected by an execution until a levy is made upon it. The code in effect declares this. (Code, sec., 283, subd. 5.) And the only legal evidence of a levy having been made is a sheriff's return, which must directly certify the fact. But if the return from the sheriff were sufficient to show that he levied the execution upon the debt in question, still I do not see that it would aid the appellants in this case, as they do not allege in their answer, which is in the nature of a cross-complaint, that such levy was made. Parties do not recover in such cases according to their proofs, but according to their allegations *and* proofs.

The next question for consideration is in regard to the certificates furnished by the said William M. Davis to the said sheriff, in pursuance of the notice delivered with the copy of the writ of execution, and the purport thereof. In order to authorize the sheriff to sell the property of the garnishee or the debt levied upon, it must appear from the certificate of the garnishee that he was owing a debt to the judgment debtor. If the debt is due, and he does not pay it on demand of the sheriff, the latter may levy upon and sell any of his property subject to sale on execution. But if such debt is not due, the sheriff shall sell the same according to the certificate as other property. In either case, the confession of the garnishee that he is owing the judgment debtor gives the sheriff the authority to proceed under the execution as mentioned. The effect of the confession is similar to that of a confession of judgment. It must be a clear and unqualified statement concerning the indebtedness of the garnishee

to the judgment debtor, and show that it is not due; otherwise the sheriff has no power to sell it.

It appears that Davis furnished the sheriff two certificates, one at the time the copy of the writ and notice were delivered to him, and the other about a month later, but a number of days before the sheriff took any steps to make the sale.

In the first certificate, the said William M. Davis stated that he was indebted to the said Mary Davis on the three promissory notes mentioned, less $350 paid on the one due on the first day of December, 1885. The second certificate was amendatory of the first one. In the second, said Davis stated that his former one was erroneous; that he was not and had not been indebted to Mary Davis in any sum since some time in January, 1886; that at the time he made said certificate, he in good faith thought that he was indebted to her, and made his said certificate when he so believed; that, as he was now advised, the notes and mortgage which he formerly made to Mary Davis were, some time in January, 1886, assigned by her to John W. Batchellor; that said assignment was in said month of January recorded in the office of the county clerk in Marion County; that at the time he made said certificate he did not know of said assignment, and that by an agreement between him and Mary Davis, made while she owned said notes and mortgage, it was agreed by her that he was not to be pressed or called upon to pay any of said notes until the following fall or winter; that he did not know whether or not said assignment was made in good faith.

If the two certificates of the garnishee are to be considered as the certificate given by him, then it is evident that the sheriff had no authority to proceed and sell the debt upon the execution. The plaintiff in the writ has no right to question such a certificate, however inconsis-

tent it may be.  He must either accept it as made, or pursue the remedy pointed out in section 312 of the code.  That section provides that if the certificate be unsatisfactory to the plaintiff, the garnishee may be required by the court, or judge thereof, where the action is pending, to appear before him and be examined on oath concerning the same; and after the allowance of such order, and before such garnishee shall be thereby required to appear, or within a time to be specified in the order, the plaintiff may serve upon him written allegations and interrogatories touching any of the property liable to execution as the property of the defendant; and if the garnishee fail to answer, the court, or judge thereof, on motion of the plaintiff, may compel him to do so, or the plaintiff may have judgment against the garnishee for want of such answer.  The plaintiff may also reply to the answer and have the issues arising thereon tried as ordinary issues of fact are tried.  The garnishee clearly has the right in the first instance to furnish the sheriff such certificate regarding any debt owing by him to the defendant as his conscience may approve, and I do not see why he would not have the right to correct any supposed mistake therein by furnishing a second certificate, if he did so before any subsequent proceedings were had in the matter.  (Drake on Attachments, 4th ed., sec. 650.)

In this case, the sheriff received the second certificate and made it a part of his return of the execution, and in my opinion the plaintiff in the writ had no right to ignore it, and attempt a sale of the debt.  He could have procured an order requiring the garnishee to appear before the court, or judge thereof, and have served upon him written allegations and interrogatories; could have had an issue made up, and had the question of the fraudulent assignment of the said notes alleged to have been made by the said Mary Davis to the respondent tried by a jury,

and I am constrained to believe that he should have pursued that course.

Under the views above expressed, it is not necessary to consider any other alleged irregularities regarding the proceedings of garnishment, as the decree appealed from must be affirmed upon the grounds already examined; nor is it necessary to determine whether or not the assignment of the notes to the respondent was made with a fraudulent intent, and the appellants should not be prejudiced by the decree herein from attacking that assignment in a proper case.

## PETITION FOR REHEARING.

### [Filed April 16, 1889.]

THAYER, C. J.—"Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution. It is in the nature of a proceeding *in rem*, since its aim is to invest the plaintiff with the right and power to appropriate to the satisfaction of his claim against the defendant property of the defendant's in the garnishee's hands, or a debt due from the garnishee to the defendant." (Drake on Attachments, 4th ed., secs. 451, 452.)

The nature of the proceeding is such that a party claiming to have acquired property rights by means of it must, in order to maintain them, show a strict compliance with all its requirements. Hence, before the appellants in this case could be regarded as the owners of the notes and mortgage in the suit, it was necessary for them to show the due issuance of an execution upon the judgment in favor of E. W. McCann against Mary Davis; its levy upon the debt due to her from William M. Davis; that the latter gave to the officer who had the execution for service a certificate showing that he was owing the debt to Mary Davis; that the debt was not then due, and

that the officer proceeded to sell the same according to the certificate as other property.

These various steps were necessary in order to divest ownership of the notes and mortgage out of Mary Davis, and the appellants were required to show that they had been taken, in order to establish title to them. The return of the sheriff to the writ of execution is inaccurate, though the statement contained therein may be sufficient to show that he levied upon the debt. It would have been more exact, however, if he had stated in the return that he levied upon the debt, and the manner in which the levy was made, instead of stating that he levied and served the execution on William M. Davis, and the manner in which he levied and "served" the same on said Davis. But the question as to whether the certificates given by William M. Davis to the sheriff showed that the former was owing the debt to Mary Davis, and authorized the sheriff to sell it as her property, cannot, in my opinion, be resolved in favor of the appellants, and this is decisive of the case against them.

The petition for a rehearing must therefore be denied.