(17 Misc. Rep. 64.)

KRATZENSTEIN v. LEHMANN.

(City Court of New York, General Term.   May 23, 1896.)

1. ATTACHMENT—PROPERTY SUBJECT TO—LIFE INSURANCE POLICY.
    The interest of insured in a policy on his life is contingent, and therefore
    is not attachable.
2. SAME—EFFECT OF JUDGMENT.
    The recovery of judgment in an attachment suit does not make the at-
    tachment operative as a lien on property which was not subject to attach-
    ment.

Appeal from special term.

Action by Herman Kratzenstein against Charles Lehmann, im-
pleaded, etc.   From an order denying a motion to enjoin a sale on
execution, defendant appeals.   Reversed.

Argued before McCARTHY and CONLAN, JJ.

Guggenheimer, Untermeyer & Marshall, for appellant.
Gruber & Bonynge, for respondent.

CONLAN, J.   This is an appeal from an order of the special term
denying a motion, made in behalf of the defendant, to enjoin a sale
on execution issued upon a judgment recovered in an action in which
an attachment had been issued, and served upon an insurance com-
pany in which the defendant had insured his life.   The defendant
was a nonresident, and the action was brought to recover the amount
of a bill of goods sold by the plaintiff to the defendant.   The execu-
tion of the writ of attachment by the sheriff appears from the rec-
ord before us to have been in the nature of a levy upon an interest
in a policy of life insurance issued by the Manhattan Life Insurance
Company to the defendant, Charles Lehmann, for $5,000; and this al-
leged levy of the sheriff is attacked by the defendant on the ground
that the property, interest, claim, or right was not subject to levy,
and therefore not to be sold under an execution.

The contention of the plaintiff is, as in his first point, that the
property levied upon was attachable; and he says, "The interest of
the defendant under the policy of insurance was a claim of the de-
fendant, Lehmann, against the insurance company, and that the
law of this state clearly authorizes the attachment of this species of
property," and cites Code Civ. Proc. §§ 644, 655; O'Brien v. Insurance
Co., 56 N. Y. 52; and Hankinson v. Page, 31 Fed. 184.   We have ex-
amined these cases, and do not think they will bear the construction
sought to be put upon them by the plaintiff.   It has been decided in
this state, in Douglas v. Insurance Co. (Sup.) 18 N. Y. Supp. 259, that,
"until proofs of loss are filed, nothing is due to the holder of a fire
insurance policy, and attachment served upon the company by a
creditor of such policy before such time is ineffectual to create a
lien upon the claim."   We do not know in what way a life insurance
policy differs from the other.   Both are made dependent upon the
contingency,—in the one case, a fire, and, in the other, a death,—
and in both are proofs of loss required before the claim is payable by
the company to the beneficiary.   In whatever aspect we may look

at or consider the claim against the company, it is but a contingent interest, and does not mature until the happening of an event which is not measured by a time limit, such as a note, bond, draft, or bill, or a contract to do a certain thing within a certain time. And in Bills v. Bank, 47 N. Y. Super. Ct. 302, the court said, after reading a very exhaustive opinion of Judge Bosworth, who sat as referee: "A contingent interest is not attachable." In the case of Hankinson v. Page, supra, upon the respondent's brief, the attachment was levied upon a debt then due and payable under the terms of a certificate issued by a benefit society to one Page, who had died before suit was brought; and the debt, therefore, was actually available for payment to the beneficiary; and it was held that the share of the beneficiary was attachable. There the claim had matured, and the money represented or secured by the certificate had become payable by the happening of the event upon which the contingency depended; and the court said: "This [meaning the certificate] was not an evidence of 'debt,' in the ordinary acceptation of the term, like a bond, note, or ordinary instrument for the payment of money. Even a policy of insurance would not fall within this description." The levy in this case was upon a debt payable under the certificate; and Judge Wallace (United States circuit court), in deciding the case, cited People v. Brown, 6 Cow. 41, and Tyler v. Insurance Co., 12 Wend. 507, as sustaining the legal proposition that a policy of insurance itself is not attachable. It was also held by Vann, J., in Association v. Newkirk (Sup.) 16 N. Y. Supp. 177, that the sum due by a mutual benefit association to the widow of a deceased member, though not yet paid to her, may be attached by her creditors without being taken into possession by the officers. These cases all proceed upon the theory that the debt is one actually existing in favor of the assured or the beneficiary, and has become absolutely payable by the happening of the event upon which its payment conditionally depended.

But there is another reason, and we think equally as strong, why the claim in the action at bar was not attachable. It would be necessary that a distinct action be brought for the purpose of collecting the amount of the policy or claim, since it is not the subject of a sale by the officer. Section 655 of the Code expressly provides that the sheriff must, subject to the direction of the court or judge, collect and receive all debts and things in action attached by him; and it is extremely difficult to see how an action could be maintained to recover the amount secured by a policy of insurance before the happening of the event upon which the contingency depended. It is conceded that the policy itself was not levied upon or taken into custody by the sheriff; and, even if that were so, we have already seen that a policy of insurance is not attachable while there is nothing due or payable under it, or until the limit has been reached, by death or otherwise. The plaintiff's case is not strengthened by the fact that he has a judgment and execution; for in Bills v. Bank, supra, it was distinctly held that the recovery of a judgment in the attachment suit does not make the attachment operative as a lien upon the property which was not, in fact, attached; i. e. that was

not the subject of attachment. That the execution is the continuance of the attachment lien, with the additional authority of the judgment, as stated in the opinion at special term, is good law; but we cannot apply the principle to the case at bar in the light of the decisions considered, so far as to permit the execution to be enforced.

We are unable to see how any after-effort or proceeding of the plaintiff could make the attachment or levy good, or submit the thing attached to sale under an execution, if the subject-matter of the attachment was not attachable in the first instance; but having never had anything in his possession, or effected a levy upon any leviable property, it was not necessary that any proceedings on behalf of the defendant should be taken to rid himself of attachment, by way of a motion to vacate the same or otherwise, as it did not appear to threaten any interest or property with which he was connected, there being none in the jurisdiction of the court. Inasmuch as it is insisted, however, that the sheriff is proceeding to sell the claim or whatever he may be said to have attached, and such proceedings not being authorized by any provision of the statute that we have been able to discover, and may result in an injury to the defendant, for which he can in no way be compensated, we are forced to the conclusion that the order appealed from should be reversed, with costs, and the motion as asked for should be granted.