(19 Misc. Rep. 600.)

## KRATZENSTEIN v. LEHMAN et al.

(Supreme Court, Appellate Term, First Department.　March 25, 1897.)

ATTACHMENT—PROPERTY SUBJECT TO—LIFE INSURANCE.

A life insurance policy during the life of the insured is not "a bond, promissory note, or other instrument for the payment of money," which Code Civ. Proc. § 649, subd. 2, provides, can be levied on only by taking it into actual custody.

Appeal from city court of New York, general term.

Action by Herman Kratzenstein against Charles Lehman, impleaded with Sigmund B. Kahn. From so much of an order as affirmed an order (42 N. Y. Supp. 237) denying a motion to vacate and set aside the judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Moses Weinman, for appellants.

Gruber & Bonynge, Abraham Gruber, and T. B. Chancellor; for respondent.

DALY, P. J.　The plaintiff entered a judgment by default against the defendant as a nonresident, based upon an order of publication and an attachment levied upon the interest of the defendant in a policy of life insurance issued by the Manhattan Life Insurance Company.　A motion was made, among other things, to vacate the judgment as unauthorized.　The defendant Lehman resided in the state of Louisiana, and was the holder of a policy on his life for the sum of $5,000 in the said company, payable at death or in 10 years.　The sheriff did not take the policy into his actual custody, but made the levy by leaving a copy of the warrant with the company in this city.　The appellant contends that the levy was ineffectual, because the sheriff did not get possession of the policy, and claims that the case falls within section 649 of the Code of Civil Procedure (subdivision 2), which provides that a levy upon "personal property capable of manual delivery, including a bond, a promissory note or other instrument for the payment of money," must be made "by taking the same into the sheriff's actual custody."　The words, "other instruments for the payment of money," are to be interpreted as referring to instruments of similar character with bonds and promissory notes such as are evidences of debt, and the title to which passes by delivery merely (Hankinson v. Page, 19 Abb. N. C. 274–279, 12 Civ. Proc. R. 279); and that case holds that there is fair reason to contend that the provision is intended to include all other instruments which are unilateral contracts for the payment of money only; that a policy of insurance belongs to the class of contracts strictly unilateral, in which the promise is one for the payment of money only, although payable conditionally; and that, while it is unreasonable to suppose that all contracts under which money may become payable may be intended to be included in the language of the section, it would seem to apply to such unilateral contracts for the payment of money as are usually evidenced

by written instruments delivered by the payor or obligor to the payee or obligee. It is to be observed that the obligation of the company upon the policy in the case last cited had become fixed by the death of the insured, and so the contract might be deemed strictly unilateral. In the present case the insured is still living, and his obligation and that of the company under the policy are mutual. So far as appears, this policy has not yet reached such a stage that it is unilateral. Presumably the insured is still held to the payment of the premiums, to the observance of the customary conditions as to residence, travel, occupation, etc., and the policy at this time is no more an instrument for the payment of money than a contract to sell and deliver goods, to render services, or to build a house. All such contracts provide for the payment of money, and, in one sense, are instruments for the payment of the money, but plainly not of the class intended by the section of the Code above quoted.

The levy made by the sheriff in this case was that prescribed by the third subdivision of the same section of the Code, providing that a levy must be made "upon other personal property by leaving a copy of the warrant, and a notice showing the property attached, with the person holding same, or if it consists of a demand other than as specified in the last subdivision, with the person against whom it exists, or if it consists of a right or share in stock of an association or corporation, or interest, or profits therein, with the custodian or other head of the association, or the secretary, cashier or managing agent thereof." As the property which the plaintiff sought to reach with his attachment was a "demand" other than such as arises upon a bond or promissory note, or a like instrument, the levy was properly made. The debtor was the owner of a legal demand arising upon his policy,—a demand, as pointed out by the chief justice of the city court in his exhaustive opinion, either for the surrender value of the policy, which is payable immediately, or for the endowment, or for the life insurance upon the efflux of time limited in the policy. Excelsior Steam Power Co. v. Cosmopolitan Pub. Co., 80 Hun, 592, 30 N. Y. Supp. 557. A valid levy upon money payable under a policy of fire insurance is made in the manner here pursued, and it is not necessary to take the policy into possession. O'Brien v. Insurance Co., 56 N. Y. 52. No reasonable distinction can be drawn between a fire and life policy upon this point. The levy as here made causes no embarrassment to the insurance company, nor to any strangers who now have, or may hereafter acquire, an interest in the policy. It is difficult to see how any one can be injured by failure to attach the policy itself, and by leaving it outstanding in the possession of the insured, or of any other person. If the policy has already been assigned, the company cannot be hurt, because it is only the interest of the assured that has been attached, and he has no interest if he has assigned the policy. If the company hereafter consents to an assignment, having knowledge of the attachment, it does so at its own risk. What useful end would be subserved by requiring an actual seizure in this case is not apparent. The case would be

different if the policy were a negotiable instrument, as a bond. Von Hesse v. Mackaye, 55 Hun, 369, 8 N. Y. Supp. 894. The city court properly sustained the judgment in this action as based upon a valid levy. Order appealed from affirmed, with costs. All concur.