BISCHOFF, J. The plaintiff was properly nonsuited. His injury resulted from his stepping upon a nail in a plank lying beneath the defendant's station and upon the sidewalk, and, assuming that the plank was placed there by the defendant in the course of the construction of some steps, as the plaintiff contends, the liability of the defendant would depend upon proof that this plank was permitted to remain upon the sidewalk beyond a reasonable time. For all that appears, the condition had existed but a moment, yet for a reasonable use of the sidewalk the defendant incurred no liability. O'Reilly v. L. I. R. Co., 4 App. Div. 139, 141, 38 N. Y. Supp. 779; s. c. 15 App. Div. 79, 44 N. Y. Supp. 264.

The judgment erroneously directs a dismissal upon the merits, however, and, so far, must be modified.

Judgment modified by striking out direction for a dismissal upon the merits, and, as modified, affirmed, without costs. All concur.

---

(45 Misc. Rep. 643)

## O'BRIEN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. SHERIFFS—POUNDAGE—ATTACHMENT.

Under Code Civ. Proc. § 655, directing that the sheriff, subject to the court's direction, must collect and receive all debts, effects, and things in action attached by him, and may maintain special proceedings to obtain possession, the sheriff's right cannot be invoked after the attachment is discharged.

2. SAME—RETENTION OF PROPERTY—ACTIONS.

The sheriff's right, on the discharge of an attachment under Laws 1890, p. 940, c. 523, § 17, subd. 2, as amended by Laws 1892, p. 868, c. 418, to retain the property levied on until his fees and poundage are paid, gives him no cause of action for poundage.

3. SAME—NOTICE OF ATTACHMENT—EFFECT.

Where no portion of the sum in which defendant was indebted was delivered to the sheriff, and the attachment has been discharged, the service of the notice on defendant of the existence of the attachment under Laws 1892, p. 868, c. 418, and the giving of a certificate to the sheriff, reciting an indebtedness equal to the amount claimed in the attachment and its subsequent payment, gave the sheriff no right of action against the defendant for poundage.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by William J. O'Brien against the Manhattan Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Edward C. Moen, for appellant.

Charles A. Gardiner (Frank M. Avery and Theodore L. Waugh, of counsel), for respondent.

GILDERSLEEVE, J. This case comes up upon an agreed statement of facts. In February, 1903, the Manufacturers' Contract-

ing Company, a foreign corporation, was sued by one Clark. An attachment was issued in such action, and placed in the hands of the plaintiff for service. The sum for which such attachment was issued was $9,128.01. A certified copy of the warrant of attachment was served by the plaintiff upon the defendant, together with the notice usually served in such cases, who was, at the time of such service, indebted to the contracting company in the amount of said sum. Subsequently the defendant in the attachment proceedings gave an undertaking, and by an order made March 10, 1903, the attachment was "set aside and discharged as to the whole of the property attached." Upon service of a copy of this order upon the defendant herein, it paid over to the contracting company the amount of its indebtedness. The plaintiff now sues the defendant herein for "poundage" claimed to be due him by reason of a "levy" made under said attachment. The court below found in favor of the defendant. Two points are urged by the respondent herein in support of the judgment: (1) That the defendant is not liable to the sheriff in any event for poundage, and (2) that there was no poundage due the plaintiff. The sheriff bases his right to recover of the defendant herein upon the provision of section 655 of the Code of Civil Procedure, which reads as follows:

"(1) The sheriff must, subject to the direction of the court or judge, collect and receive all debts, effects and things in action attached by him. He may maintain an action or special proceeding in his name, or in the name of the defendant, which is necessary for that purpose, or to reduce to actual possession an article of personal property capable of manual delivery, but of which he has been unable to obtain such possession　*　*　*."

When a sheriff receives an attachment for service, he takes it invested with all the rights given by law thereunder, and also subject to all the infirmities that may be incident thereto. His right under section 655, supra, cannot survive the attachment itself and is dependent thereon, and after such attachment has been discharged by order of the court it no longer exists, and the provisions of section 655, supra, can no longer be invoked by the sheriff.

Upon the discharge of the attachment herein, the sheriff had the right remaining in him to "retain the property levied upon until his fees and poundage were paid" (subdivision 2, § 17, c. 523, p. 940, Laws 1890, as amended by Laws 1892, p. 868, c. 418), but such right gives him no cause of action against this defendant for poundage, unless the giving by him of the notice of the existence of the attachment to the defendant, and the giving by the defendant to the sheriff its certificate to the effect that it was indebted to the attachment debtor in an amount equal to the amount claimed in the attachment, and its subsequent payment to such attachment debtor of the full amount thereof, gives the plaintiff such right of action. We think not. It is true that the notice served by the sheriff upon the defendant required the delivery to him "of all * * * debts * * * into my custody without delay," and also contained this clause:

"Take notice that after service hereof upon you, no demand or property hereby attached can be lawfully released by order or otherwise except through the sheriff and by his direction. Code, § 709; Laws 1892, p. 868, c. 418."

This notice has reference to property actually taken into the custody of the sheriff by virtue of the attachment, and as to such property the sheriff's right to retain until all his costs, etc., are paid is provided for by section 709. That such section refers only to property actually in possession of the sheriff is clear, as it further provides that upon payment to the sheriff of his costs, etc., the property shall be delivered to the defendant or the person entitled thereto. The effect of this notice is defined in O'Brien v. Mechanics' & Traders' Fire Ins. Co., 56 N. Y. 52, 57:

"The sheriff, by his action and the notice he gives, acquires no actual dominion over the property. It is as much beyond his personal control as before the levy. The notice is but an act of caution to the individual upon whom it is served, intending and operating solely to prevent his paying the debt or delivering the property to the debtor."

No portion of the sum in which the defendant was indebted to the defendant in the attachment proceedings had been turned over to the sheriff. The intended effect of the notice was accomplished when it was served, and its force was expended when the attachment was vacated, and therefore no cause of action can be predicated upon the giving of such notice.

After the order vacating the attachment was served upon the defendant herein, it had no right to retain its creditor's money. It became immediately liable to an action therefor, and in such an action it would have had no defense.

We are not, therefore, called upon to pass upon the question whether or not the statute gives the sheriff "poundage" under the state of facts shown herein, for it is clear that this defendant at least is not liable therefor, and the judgment of the lower court should be affirmed.

Judgment affirmed, with costs. All concur.