(94 Misc. Rep. 292)

HOLLY v. ROSENSTEIN et al.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

ATTACHMENT ☜338—LIABILITY ON BOND.

Defendants' principal, having filed an attachment against the funds of plaintiff's assignor held by a third person, filed a second attachment in another suit. The assignor answered to the merits, and judgment went for him on the second suit. The recovery in the first suit and the amount for which the first attachment was issued was less than the amount in

the hands of the assignor's debtor. *Held*, that in such case, a trial on the merits being necessary to defend the second attachment, plaintiff, as assignee, might recover the costs of defending the action.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1290–1303; Dec. Dig. ⊛338.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Willis Holly against Harry Rosenstein and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

See, also, 155 N. Y. Supp. 408.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Theodore T. Baylor, of New York City, for appellant.

Abraham A. Silberberg, of New York City, for respondents.

LEHMAN, J. The plaintiff sues as assignee of one Keeney to recover damages which it is claimed that Keeney suffered by reason of an attachment issued against him in an action entitled Kassel v. Keeney. It is undisputed that the attachment was valid on its face, that the defendants were sureties on the attachment bond, that the marshal thereafter served the attachment on the Live Poultry Auction Company, and that he thereafter certified as follows:

"I further certify that by virtue of a warrant of attachment to me issued and directed out of the First District Court, borough of Manhattan, city of New York, I did on the 20th day of November, 1914, attach moneys supposed to be in the possession of the Live Poultry Auction Company, who have issued a certificate to me, signed by William M. Bennett, as president of the Live Poultry Auction Company, stating that they have no money in their possession belonging to the above-named defendant. I could not, therefore, give a correct inventory of any moneys that they might have or property in their possession."

It is further undisputed that thereafter Keeney appeared in the action and defended it. He was successful at the trial and secured a judgment in his favor. His assignee now brings this action for the expenses which he incurred in the defense of the action.

The trial justice has dismissed the complaint in this action, on the ground that Keeney defended the action in order to secure a judgment on the merits, and not for the purpose of releasing any property from the attachment, for the certificate of the marshal shows that he attached no moneys, and that the expenses incurred by Keeney in the action were therefore not damages suffered by reason of the attachment, but were merely the ordinary expenses necessary to obtain a judgment in his favor. Inasmuch as the attachment papers were concededly valid on their face and the attachment could not be vacated by motion, Keeney could not obtain a release of any moneys actually attached, except by an appearance in the action and a defense on the merits. It follows that this judgment cannot be sustained if any moneys of Keeney were actually attached, and the sole question which we should consider is whether the marshal did in fact attach any moneys of Keeney.

The papers were served by the marshal in accordance with the provisions of law, and such service was effectual as an attachment on any debt which the Live Poultry Auction Company owed to Keeney. In the case of O'Brien v. Mechanics' & Traders' Fire Insurance Company, 56 N. Y. 52, the Court of Appeals has construed the effect of sections 235 and 236 of the old Code of Procedure, which are in every respect similar to the sections of the Municipal Court Act (Laws 1902, c. 580, §§ 78, 79) under which this attachment was levied. The court there held that, as soon as the sheriff served upon a debtor a proper notice of the attachment, such attachment became effectual upon all intangible property in the hands of the debtor which is included in the notice. The section of the law which permits the sheriff to require a certificate of such property in the hands of the debtor does not limit the effect of the service of the attachment and is not binding upon the sheriff or the attaching party. It follows that in this case the attachment was effectual against any moneys in the hands of the Live Poultry Auction Company to which Keeney was entitled.

It is not disputed that at that time the Live Poultry Auction Company had the sum of $192 in their possession belonging to Keeney. It also appears, however, that the marshal, on the same day on which he sought to levy the attachment under consideration in this case, also served upon the Live Poultry Auction Company attachment papers in another action between the same parties. In that action Kassel claimed the sum of $171, and the Live Poultry Auction Company in that action certified that it held the sum of $192, which it owed to Keeney. It does not appear whether the attachment in the action for $171 was served prior to or simultaneously with the attachment now under consideration; but for the purpose of this appeal we may consider that it was served prior to the service of the attachment, which the plaintiff now claims was simultaneously made. It is too well established to require any citation that successive attachments may be levied upon the same property; consequently the second attachment was effective as an attachment upon any interest of the fund which Keeney still had after the first attachment was levied. It appears that thereafter the prior action was tried, and the plaintiff in that action was paid the sum of $104, leaving in the hands of the Live Poultry Auction Company the sum of $88, to which Keeney would have been entitled, except for the fact that the attachment papers in the second action had been validly served. Keeney could not obtain this sum, except by defending the second action and securing a judgment thereon. He was therefore damaged by the attachment to the extent of the necessary expense of defending that action.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.