Submitted on record and appellant's brief January 21, affirmed
April 2, petition for rehearing denied April 29, 1969

BRUNSWICK CORPORATION, *Appellant, v.*
PLAYMOR ENTERPRISES, INC.,
*Respondent.*

452 P2d 553

D. Dale Mammen and Burleigh, Carey & Gooding, La Grande, for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff obtained a judgment on a promissory note given for purchase of eight pinsetting machines against defendant and thereafter sought to satisfy the judgment by execution sale of the machines which remained in defendant's possession.

Judgment had been entered on September 20, 1966. A first execution sale was held on October 17, 1966. Motion to quash this sale for failure to follow required procedure was filed October 21, 1966. Plaintiff com-

menced a new sale proceeding on October 31, 1966, which culminated in another sheriff's sale on November 21, 1966.

In the court's record from the clerk's office is a return of this second sale and bill of sale to plaintiff, undated, each bearing a filing stamp of the county clerk dated December 6, 1966. Although this return recites that the writ of execution is attached thereto, it was not attached. At the hearing on the second motion hereinafter mentioned, the sheriff produced the writ which he had failed to attach to the return. The return recites the second sale was held on November 21, 1966. A court order quashing the first sale was entered on December 20, 1967, and a motion to quash the second sale was filed on December 29, 1967. Nothing appears in the record or transcript of testimony to show why the first motion, uncontested, lay without action for over a year. A contested hearing was held on the motion to quash the second sale, briefs were filed, and the court rendered a first memorandum opinion on May 6, 1968. An order quashing the second sale was entered on May 20, 1968. On reconsideration, the court adhered to the same ruling and entered its final order quashing the second sale on June 20, 1968. From this order appeal was taken.

The trial court rested its ruling principally upon its determination that there had been no levy upon the property sold, as required by ORS 23.410(4) and (5), and ORS 29.170(2) and (3). Numerous other irregularities and departures from the statutory procedure were also noted by the trial court as having occurred in the second sale proceedings.

■ An examination of the transcript of testimony and the record of the case from the clerk's office leads us to the same principal conclusion of the trial court;

namely, that although the sheriff's return, written for him in advance by plaintiff's attorney, recites that he levied on the property, the evidence does not bear out the recitation. To make a levy, the statutes cited above require that the sheriff must take the property into his possession or leave a certified copy of the writ of execution and notice specifying the property to be sold on execution with the person in possession. This was property which the sheriff could not take into possession, so the alternative method was pursued. The possessor, who was the judgment debtor, denied the sheriff had given him either a copy of the writ or notice specifying the property to be sold on execution, and the sheriff could not testify that he did. He did not return the writ itself to the clerk's office as required by ORS 23.410, in fact did nothing with it until he searched his files and found it during the hearing. Instead of giving the bill of sale prepared in advance for him by plaintiff's attorney to the successful bidder at the second sale, as required by ORS 23.480, the sheriff filed it with the incomplete return he filed in the clerk's office. As noted by the trial court, there were other irregularities which were not serious enough to invalidate the proceeding. The failure to allege and prove a levy in the manner required by the statute is fatal to the proceeding.

> "The appellants, therefore * * * had to allege and prove that * * * the sheriff * * * levied upon * * * [the property] by leaving a certified copy of the writ, and a notice specifying the property levied upon * * *." *Batchellor v. Richardson,* 17 Or 334, 341, 21 P 392 (1889).

> "No one will contend * * * that any kind of property can be affected by an execution until a levy is made upon it. The code in effect declares this. * * * Parties do not recover in such cases

according to their proofs, but according to their allegations *and* proofs." *Batchellor v. Richardson,* supra, at 343.

■ In addition to plaintiff's argument that the irregularities in the proceeding were not serious enough to invalidate it, plaintiff also claims error in that defendant and the court did not comply with ORS 18.160, which allows a court only one year to relieve a party from a "proceeding" against him which results in an order taken through "mistake, inadvertence, surprise, or excusable neglect." Plaintiff says the defendant did not make its motion to quash until more than one year had passed; therefore, it came too late. The statute cited is not applicable. The motion was to quash the sale because it was not conducted in the manner required by law, not because there was inadvertence, surprise, mistake, or excusable neglect on the part of anyone.

■ Plaintiff also claims error in that defendant is "equitably estopped" from protesting the inadequacy of the second sale. This is not an equitable proceeding, and for that reason the authorities plaintiff cites are questionable. However, we will examine the basis of plaintiff's argument on this assignment of error. The motion against the first sale was well based and so recognized by plaintiff's attorney. That is why he started the second sale proceeding. Either the plaintiff or the defendant, through their attorneys, could have cleared the record of the first motion at any time for a period of better than a year, but neither did. When an order quashing the first sale, based on this motion, was finally taken on December 19, 1967, the defendant's attorney promptly thereafter moved against the second sale proceeding. The defective return on the second sale had been filed on December 6,

1966, and defendant's attorney could have filed a motion against it at any time thereafter. But this would not be proof sufficient for the estoppel defense plaintiff seeks to make. The motion against the first defective sale was still active and plaintiff's counsel had not conceded it was well taken except by this action in starting another proceeding. He could have taken action to clear the record but he did not do so. Plaintiff's attorney, on the basis of the defects in the first proceeding, knew of the possibility of the sheriff making an error in a second proceeding, but he obviously did not check to see if it had been properly completed. Laches was a basis of argument for defendant against plaintiff as well as the reverse. In such a posture of its case, even if the defense of estoppel could be properly made by plaintiff, it would lack merit.

Judgment affirmed.